Whitakee, Judge,
delivered the opinion of the court:
This case is before us on cross-motions for summary judgment. Plaintiff sues for the salary of which he has been deprived as a result of his alleged illegal discharge. He was discharged because he refused to accept reassignment from his post in Wisconsin to a post in Washington, District of Columbia. Plaintiff says his assignment was not to promote the good of the service, but for political reasons.
*634 ■ Plaintiff was State Director of the Farmers Home Administration for the State of Wisconsin. He was a civil service employee, grade GS-13. Pie had been in the classified civil service for 21 years prior to the termination of his employment on July 19, 1955. On April 21, 1954, the position of State Director was put in Schedule A, which is outside the classified civil service. Plaintiff, however, retained his civil service status, notwithstanding his continuance as State Director,
On March 17,1955, plaintiff was advised that he was being reassigned to a position in the Washington office of the Farmers Home Administration as a special assistant to the Administrator, at his then grade and salary. On April 8 plaintiff requested reconsideration of his reassignment to Washington and that he be retained in Wisconsin as the State Director. In reply, he was advised that careful consideration had been given to the decision to reassign him and that the order of reassignment would stand. Plaintiff then wired the Farmers Plome Administration in Washington that he could not accept the reassignment and that he was appealing therefrom. Following this, plaintiff was placed on annual leave, pending separation, for refusal to accept the assignment. Four days later, the Administrator wrote him that he would be permitted to resign, if he so desired, instead of having charges preferred against him, but that if he did resign, his record would show that he had resigned in order to avoid removal. He did not resign, and on June 2 charges were preferred against him on the ground of insubordination in refusing to accept the reassignment. He was given ten days in which to answer.
On June 11 plaintiff replied in a lengthy letter, in which he alleged that he was being reassigned for political reasons.
On July 7 the Administrator of the Farmers Home Administration wrote plaintiff assuring him that the reassignment was because of a bona fide desire to have him available on his staff in Washington, and requesting that he reconsider his refusal to accept the reassignment. Plaintiff replied on July 13', saying that he would be glad to reconsider his refusal to accept reassignment, except for the fact that charges of insubordination were pending against him, and *635 that since these charges were pending, he would await the Department’s decision on them. In reply, the Administrator wired plaintiff telling him that he was withholding until the following day final decision on the charges, to provide him an opportunity to reconsider his refusal to accept reassignment. No further word having been received from plaintiff, the charges of insubordination were sustained, and he was removed from the service.
Plaintiff appealed to the Regional Director for the Seventh United States Civil Service Region, in which he alleged that his reassignment was motivated by the desire and ultimate aim to appoint a schedule A employee recommended by the opposite political party, or to create a patronage position. His appeal set forth the reason he had for making this allegation. The Regional Director replied setting out that he had been separated because of “refusal to accept such reassignment,” and that a “decision in your case, therefore, must rest upon the separation action rather than the reassignment, because the latter had never been consummated. The contents of your letter of July 27 have been given every consideration and it is the conclusion of this office that you have not established a prima facie case that your separation was effected for political reasons.”
Plaintiff appealed to the Civil Service Commission in Washington, stating that he did “not feel that proper consideration was given my appeal as presented,” and that he was “of the opinion that the facts warranted a complete investigation. It appears to me that the decision of your Regional Office is based upon what one could term a ‘technicality’ rather than on the merits of the case.” In his appeal he set forth his reasons for believing that his reassignment had been motivated by political considerations.
The Chairman of the Board of Appeals and Review of the Civil Service Commission wrote plaintiff in part as follows:
As you know, the Seventh Region determined that you had not established a prima facie case that your separation was effected for political reasons. After carefully reviewing the record in your case in the light of representations made by you and in your behalf, no basis has been found for a change in the Seventh Region’s decision and it is affirmed.
*636 In arriving at this decision, the Board gave consideration to your contention that political motives entered into the decision of the agency to reassign you from your position at Madison, Wisconsin to a position of the same grade and pay at Washington, D.C.
However, as pointed out by the Seventh Region, this reassignment was never consummated in view of your refusal to accept it, and your separation was based upon this refusal.
It will be noted that the Regional Office of the Civil Service Commission refused to consider whether or not the reassignment was motivated by political considerations, and considered only whether or not plaintiff’s separation had been motivated by political considerations. The Board of Appeals and Review stated that it had considered his contention that “political motives entered into the decision * * * to reassign” him; “however”, it said, “this reassignment was never consummated in view of your refusal to accept it, and your separation was based upon this refusal.” While the Board considered the motive for the reassignment, it did not rule on it, because it regarded it as immaterial, not having been consummated, and based its decision on his refusal to accept the assignment, regardless of whether or not political motives had prompted it. In this the Commission was in error.
If the order of reassignment was issued to serve political purposes and not to promote the good of the service, it was an unlawful order. Cf. Knotts v. United States, 128 C. Cls. 489. Being unlawful, it did not have to be obeyed. Hence, a refusal to obey was not insubordination. It was therefore incumbent on the Civil Service Commission to decide whether plaintiff’s reassignment was for political purposes. Because the Civil Service Commission refused to do this, it denied him the protection the Civil Service Act of 1883, 22 Stat. 403, 407, affords him.
Plaintiff’s letter to the Regional Director, in our opinion, made out a prima facie case of the reassignment having been made for political reasons. That prima facie case was: On April 21, 1954, plaintiff’s position as State Director was reclassified from a position in the competitive civil service to a Schedule A, or “excepted” position, and plaintiff was noti *637 fied “that the tenure is indefinite and terminable npon proper notice,” but, after the promulgation of Department Circular 789 on January 24, 1955, plaintiff was notified by the Civil Service Commission that, although he held an excepted position, he was still in the classified civil service. Hence, no one could be appointed to that position so long as plaintiff held it, and so, in order to create a vacancy in that position, plaintiff had to be transferred from it. After his transfer, the position of State Director was open for the appointment of a person who was not in the classified civil service. When this is taken in conjunction with the fact that some time prior to January 1, 1955, one of the Senators from the State of Wisconsin had written to the headquarters of his political party in Wisconsin, asking for a recommendation for a person to fill this position, and in conjunction with the order of March 19, 1955, reassigning plaintiff, there was reason for him to believe that his reassignment had been motivated by political considerations. Plaintiff detailed all these facts in his appeal to the Civil Service Commission. We are of opinion that this made out a prima facie case; by this meaning, a case sufficient to demand inquiry by the Civil Service Commission.
The refusal of the Civil Service Commission to rule on whether his reassignment, which plaintiff refused to accept, was for political purposes, denied plaintiff the protection to which he was entitled under the Civil Service Act.
Since plaintiff has been denied his right to have his discharge reviewed by the Civil Service Commission, we must deny defendant’s motion for summary judgment.
We cannot grant plaintiff’s motion for summary judgment, because we do not know that plaintiff’s reassignment was for political reasons. The Administrator of the Farmers Home Administration had a right to reassign plaintiff, if the reassignment of him was for the good of the service and not for political reasons. We must, therefore, refer the case to a trial commissioner to ascertain whether or not plaintiff’s reassignment was for political considerations. If it was, plaintiff did not have to accept it, and his refusal to do> so did not constitute insubordination, and his discharge on. *638 that ground was unlawful and has deprived him of the salary to which he otherwise would have been entitled.
It is so ordered.
Bexan, District Judge, sitting by designation; Laramore,. Judge; Madden, Judge, and Jones, Chief Judge, concur.