Durfer,
Judge, delivered the opinion of the court:
Plaintiff, a former employee in classified civil service of the United States Information Agency, seeks to recover back salary on the ground that her separation from her position as a GS-7 Information Specialist was procedurally defective. Both parties have moved for summary judgment on the pleadings.
Shortly after plaintiff’s reemployment by the Agency in 1955 she repeatedly protested, verbally and in writing, to her superiors against what she considered to be malassignment to clerical and typing functions not commensurate with her training, talents, education, ratings and previous assignments.
In February, 1960 plaintiff initiated a grievance action through her counsel. Following an extensive hearing, her grievance appeal was rejected by the Director of the Agency on June 7, 1960, on the ground that the evidence submitted to the Hearing Board did not substantiate her allegations, a conclusion which the Board had also reached.
During this period of time, upon complaint to Agency officials by her supervisor that plaintiff was spending large amounts of time away from her desk, she was orally admonished and later advised in writing by her supervisors that she would be allowed thirty minutes each day, in addition to her forty-five minute lunch period, for non-business periods away from her desk, and that any additional absences would be charged to leave. At this time her attorney repeated a previous instruction that she had the right to counsel at such disciplinary meetings, and was not to attend any of such further meetings, nor to make any written statements without his presence or approval. On March 22, with prior supervisory approval, plaintiff was absent from her desk on *217 official business for about an hour. Upon her return, she answered inquiries of her supervisor as to her absence, and the next day was asked to submit a written statement as to her whereabouts during the period of her absence in excess of the time allowed. Plaintiff refused to submit the statement, then refused to report to the personnel office, and the next day refused twice to report to a superior as directed, on the grounds that she was ill and was entitled to counsel in such disciplinary matters.
Shortly thereafter, on March 25, I960, plaintiff received a notice from the Agency proposing her separation on the basis of four charges, each of which set forth in detail a separate refusal by plaintiff to submit a statement or to report to her superiors as directed by them. At a subsequent hearing, plaintiff conceded that she had not complied with the requests and directives as recited in the charges, giving as justification for her refusal her illness, and her reliance in good faith upon the advice of her counsel. The Hearing Board found each of the four charges sustained and thereafter on July 1,1960 plaintiff was dismissed by order of the Director of Personnel of the Agency, who concurred with the findings of the Hearing Board. The charges read as follows:
1. Shortly after 4:00 p.m. of March 23, 1960, in your office, Boom 2065, Tempo-B Building, in the Copyright Clearance Section of the Administrative Staff of the Broadcasting Service, you refused to comply with a request made orally to you by your immediate supervisor, Miss Evelyn Eisenstadt, to furnish a written statement of your whereabouts from approximately 3:15 p.m. to 4:20 p.m. on March 22,1960 in reference to an appointment on official business on March 22,1960. Specifically, you were asked orally by Miss Eisenstadt (1) the time of your appointment, (2) with whom you had met, (3) how long the appointment lasted, and (4) at what time you had returned to your office from the appointment.
2. At approximately 5:10 p.m. on March 23,1960, you were directed by telephone by your next higher supervisor, Mr. Walter Mylecraine, Administrative Officer of the Broadcasting Service, to report immediately to Mr. Eugene Brame, Assistant Chief, Domestic Operations *218 Branch, Personnel Division, in his office in Room 2427 of the North Health, Education and Welfare Building. You refused to report to Mr. Brame.
3. At approximately 9:45 a.m. on the morning of March 24, 1960, you were directed orally by Miss Eisenstadt to report at 10:00 a.m. on that date to Mr. Mylecraine in his office. You refused to do so.
4. At approximately 10:20 a.m. on the morning of March 24, 1960, in a telephone conversation with Mr. Mylecraine you again refused to comply with his request to report immediately to his office. He asked you for the written statement requested by Miss Eisenstadt in response to the questions listed in Charge 1 specified above. You refused to furnish this to him.
Plaintiff first contends that the charge as to her refusal to comply with directives fails to state that such refusal was made with insubordinate or other reprehensible intent, and therefore failed to put plaintiff on “fair notice” within the area defined by previous “fair notice” rulings in cases involving the requirements of the Lloyd-La Follette Act, Section 6,37 Stat. 555, as amended, 5 U.S.C. § 652(a).
The Agency regulations on procedure provide as follows:
§ 565.25 Preferment of Charges.
# * * * *
d. Specificity of Charges
The letter of charges will state any and all reasons for the proposed adverse action, specifically and in detail, including dates, specific instances and other data, sufficient to enable the employee to understand fully the charges and to join issue adequately with the proposed action.
Upon their face, the charges are sufficiently clear, specific and detailed to inform plaintiff with reasonable certainty and precision of the causes for her proposed removal. Plaintiff has not cited, nor are we aware of any pertinent procedural requirement that under a clear and detailed charge of refusal to comply with specific instructions, such refusal must be specifically attributed to insubordinate or other reprehensible intent.
Plaintiff next contends that no orderly recognition was given and no Agency finding was made with regard to her *219 defense of good faith reliance on advice of counsel in refusing to comply with directives to report to her superiors as to 'her absence from work.
Plaintiff concedes that she is not aware of any ruling of this court precisely defining agency obligations to make findings on “affirmative defenses,” and “that it is not necessary to decide whether good faith reliance on advice of counsel is an affirmative defense which the Agency must accept in all cases, or even in the instant case.”
In Schmidt v. United States, 145 Ct. Cl. 632 (1959), this court held that refusal of the Civil Service Commission to rule on whether the reassignment of a civil service employee was for alleged political purposes, in effect denied plaintiff the protection to which he was entitled under the Civil Service Act. The court reasoned that if the order of reassignment was for political purposes, and not for the good of the service, it was unlawful and that a refusal to obey such an order would not be insubordination. Therefore, it was incumbent upon the Civil Service Commission to decide this issue. However, we find nothing unlawful here in the conduct of the Agency in directing plaintiff to appear and answer to her superiors as to her whereabouts during working hours, or in dismissing her for refusing to comply with these directions, even though her refusal was made in good faith and in reliance on advice of counsel. Plaintiff was told by the Personnel Department that she had no right to insist upon having an attorney present during the supervisory discussions. The regulations of the Civil Service Commission and the Agency prescribe the conditions under which employees may be represented by counsel or other person after charges have been, made; they contain no provision for right to counsel in employer-employee supervisory discussions prior to notice of disciplinary action or adversary proceeding.
Section 565.29 of the Agency regulation provides as follows:
After all evidence relating to the charges has been considered, the Director of Personnel will determine the action to be taken and so notify the employee by letter *220 through the employee’s immediate supervisor. The decision, if adverse, will state the reasons for the action to be taken and its effective date. The adverse decision must state the determinations made with regard to each charge originally made against the employee. The notice of adverse decision will advise the employee of his rights to appeal, and will be delivered to the employee at least 5 calendar days prior to the effective date of the adverse action.
The Agency’s Notice of Final Decision by the Director of Personnel states in pertinent part, as follows:
I have given full consideration to the information you presented in your letter of April 11, 1960, and to the information that you presented before the Hearing that was held at your request on April 12 and 13, 1960, and to the information contained in Mr. John Silard’s letter of June 9,1960. I find that each of the charges (numbers 1, 2, 3 and 4) in my letter of March 25, 1960 are fully supported by the evidence and warrant your removal. It is my decision, therefore, that you be removed from the rolls of this Agency on July 1, 1960.
In addition, plaintiff was fully advised of her rights to appeal. The decision stated “the reasons for the action to be taken and its effective date” as well as “the determinations made with regard to each charge originally made against the employee.” In the language of the Final Decision, “full consideration” was given to all information presented by plaintiff. There was no requirement in the regulations for a specific finding as to plaintiff’s reliance upon advice of counsel.
The third contention of plaintiff is that the Hearing Board in a report to the Agency, but not disclosed until after plaintiff’s dismissal, exonerated her of insubordinate intent or intentional refusal, but charged her with “poor judgment.”
Section 565.28(b) of the Agency regulations provides as follows:
Hearings in diciplinary 'action cases are conducted solely for the purpose of obtaining facts on which an equitable decision may be based, and to give the employee an opportunity to present his side of the case. *221 They are purely administrative procedings. They are not courts, nor are they governed, by the legal rules of procedure and evidence.
5. An official record of the hearing will be made in a form deemed appropriate by the hearing officer (s)_, usually in the form of brief summaries of relevant testimony and statements by all concerned in the hearing.
Section 565.29 of the Agency regulations provides as follows:
After all the evidence relating to the charges has been considered, the Director of Personnel will determine the action to be taken * * *.
The Hearing Board did state in its report that plaintiff’s refusal to comply with the directions of her superiors to report to them “was ill advised, particularly after she had been informed by Mr. Mylecraine on March 24, 1960 that she could not refuse to meet with him on advice of counsel.” Despite this information, which the Board found plaintiff did not refute, she persisted in her refusal to meet supervisory requests and directives on advice of counsel. The Board’s Summary Findings concluded: “The Board is unanimous in its findings that all four charges listed in the March 25, 1960 letter to the employee were substantiated as being true and correct.” This ultimate finding was supported by the record before the Board on the charges submitted.
Finally, plaintiff urges that it is not necessary to define whether each of the three alleged procedural deficiencies, standing alone, might suffice to render her discharge illegal, because “the three defects overlapped and resulted in a single tainted proceeding” and that taken together, these procedural deficiencies are clearly fatal to the validity of her dismissal.
We conclude that none of the errors alleged by plaintiff, whether considered separately or together, were material violations of the procedural requirements of either the Agency, or of the Civil Service Commission, and that all procedural requirements were complied with in the dismissal of plaintiff from her employment. Plaintiff’s motion for *222 summary judgment is denied, and defendant’s cross-motion for summary judgment is granted, and the petition is dismissed.