Per Curiam
: The plaintiff is the administratrix C.T.A. of the estate of Earl Harrington, deceased, a disabled Veterans’ Preference eligible, who was separated by the Navy from his position of Supervisory Inspector (Heavy Duty Equipment Repair) in the Control Division at the U.S. Naval Construction Battalion Center, Port Hueneme, California, effective August 9, 1965, for failure to accept reassignment to a new position after his position had been abolished in a reorganization. In this suit, plaintiff seeks to recover the back pay that Earl Harrington would have earned from the date of his separation from the payroll on August 9, 1965.
On May 5, 1965, Mr. Harrington was notified that the Control Division was to be reorganized into two separate divisions consisting of a Quality Control Division and a Production Control Division. He was also notified that his position as Supervisory Inspector in the Control Division was to be abolished and that it was proposed to reassign him to a similar position in title, pay, and rank in the new Production Control Division, i.e., Supervisory Inspector (Heavy Duty Equipment Repair). He was advised that the offer of reassignment was to be accepted or declined by May 12, 1965, and was informed that if he declined the offer he would be separated from his employment because there was no other position in the department to which he was entitled or could be reassigned. By letter of May 8,1965, he declined the offer, primarily on the ground that his job in the Control Division typically involved supervision of from 8 to 18 inspectors, whereas he would be supervising only 6 in the new job. As a result of this action, he was given a notice of proposed separation and was advised of his right to reply and appeal. At his request, a hearing was held before a three-man Navy Department Hearing Advisory Committee where Mr. Harrington *521 was represented by counsel. The Committee reported that the offer of reassignment was lawful and proper and recommended his removal. Thereupon, the commanding officer informed Mr. Harrington that he would be removed, and that action was taken, effective August 9, 1965.
Mr. Harrington appealed to the Civil Service Commission’s San Francisco Eegional Office and, after a hearing had been held, the Eegional Appeals Examiner issued a decision on September 28, 1965, sustaining the agency finding that all procedural requirements were met in effecting Mr. Harrington’s removal and that the action was taken for such cause as would promote the efficiency of the service. On appeal, the Civil Service Commission’s Board of Appeals and Eeview, by an opinion dated March 31,1966, affirmed the decision of its Eegional Office both on procedural and substantive grounds.
Of the several grounds advanced by plaintiff for recovery in this case, only two merit discussion. The first is that the Navy violated Section 12 of the Veterans’ Preference Act of 1944, as amended, 5 U.S.C. § 861(1964), in that the proposed reassignment was a reduction in force and the Navy failed to give Mr. Harrington the required written notice of this adverse action. Neither the testimony contained in the depositions accompanying the cross-motions nor the documents submitted with the motions support this contention. It is clear from the record that no reduction in force was involved in the reorganization and that there was no violation of the section of the Veterans’ Preference Act relied upon by plaintiff. Harris v. United States, 158 Ct. Cl. 425, 432 (1961).
Plaintiff’s second and major contention is that the proposed reassignment was a reduction in rank and that the Navy failed to comply with Section 14 of the Veterans’ Preference Act, 5 U.S.C. § 863(1964), in that it did not give Mr. Harrington written notice of such alleged adverse action. The gravamen of plaintiff’s complaint on this point is that in the position which Mr. Harrington held prior to the reorganization, he was supervising 12 to 15 inspectors, whereas in the new position offered to him, he would be supervising only 6 inspectors. It is acknowledged that there was no change in *522 Mr. Harrington’s title and no reduction in Ms salary. Moreover, the Director of the Industrial Relations Division at the installation where Mr. Harrington was employed testified by deposition that if he had accepted the new assignment, Mr. Harrington would be supervising 6 inspectors and 6 or more inspector estimators. In his old position he had been supervising 12 to 15 inspectors, although some of these were actually inspector estimators. There was also evidence that Mr. Harrington would have had greater technical responsibility and management responsibility in the proffered new position.
Apart from such evidence, the applicable Navy Regulation — NAYEXOS P-1005-375 (4/57) — shows that the number of subordinate employees supervised is not the criterion for determining whether a supervisory inspector has been elevated or reduced in rank. The regulation state's that a supervisory inspector supervises a group of typically 8 to 18 non-supervisory inspectors, and then provides as follows:
The ranges of numbers of employees supervised, as indicated in these standards, are not to be regarded as completely restrictive or to be used as the sole criteria for determination of the appropriate supervisory level. Positions will not be advanced or dropped in supervisory level merely because the numbers of subordinate non-supervisory positions exceed or fall short by a few employees of a range indicated as usual for the supervisory level which would otherwise be appropriate.
Similarly, the fact that a supervisor has sole responsibility for a major function, even though he has relatively few subordinate employees, may be reason for using a level which is appropriate to the organizational function, despite the fact that the number of subordinates is not within the typical range for that level. * * *
See also Burton v. United States, 186 Ct. Cl. 172, 404 F. 2d 365 (1968), cert. denied, 394 U.S. 1002 (1969).
Based on the foregoing, we conclude that Mr. Harrington’s proposed reassignment was not a reduction in his rank within the meaning of the Veterans’ Preference Act; that the applicable law and regulations were followed in the termination of his employment; that the administrative decisions in his case were all supported by substantial evidence, and that plaintiff *523 has not established any basis for recovery. Accordingly, plaintiff’s motion for summary judgment is denied, defendant’s cross-motion for summary judgment is granted, and plaintiff’s petition is dismissed.