Per Curiam:
This case was referred to Trial Commissioner William E. Day with directions to make findings of fact and recommendation for conclusions of law under the order of reference and Buie 134(h). The commissioner has done so in an opinion and report filed on March 26, 1971. Exceptions to the commissioner’s report, findings of fact and recommended conclusion of law were filed by plaintiff, defendant filed a statement of election to submit the case on the commissioner’s report and the case has been submitted to the court without oral argument but with a written statement of “plaintiff’s oral argument.” Also submitted to the court were various motions 'by plaintiff, including motions for discovery and for joinder of additional parties, for correction of a memorandum of the trial commissioner of a pre *967 trial conference and for temporary stay and remand to the Civil Service Commission, which were filed after the filing of the commissioner’s report.
Plaintiff’s said motions, filed after the filing of the commissioner’s report, are considered and denied.
Since the court agrees with the commissioner’s opinion, findings of fact an'd recommended conclusion of law, as hereinafter set forth, it hereby adopts the same as the basis for its judgment in this case. Therefore, plaintiff is not entitled to recover and the petition is dismissed.
OPINION OP COMMISSIONER
Dat, Commissioner: Plaintiff sues for severance pay, pursuant to the provisions of section 9 of the Federal Employees Salary Act of 1965, Pub. L. 89-301, October 29, 1965, 79 Stat. 1118, 5 TJ.S.C. 5595 and The Severance Pay Regulations of the Civil Service Commission, 5 C.F.R. § 550.701, etseq.
Upon careful review of the record and the briefs of the parties, I am of the opinion, based upon the following detailed and ultimate findings of fact and conclusion of law, that the plaintiff is not entitled to recover. and that the petition should be dismissed.
Findings op Fact
1. The plaintiff, a former civilian employee of the Department of the Army, Corps of Engineers, Baltimore District, was separated from his employment on February 7, 1966.
2. The separation was effected as a result of a written communication, signed by the plaintiff, directed to the District Engineer (the commanding officer of that District), tendering his resignation in the following words:
Under protest, I resign for the reason that I am unwilling to accept the reassignment directed in your letter of 2 February 1966.
3. Thereafter, the plaintiff filed an action in this court seeking backpay on the ground that his resignation was *968 involuntary and that denial of an oral hearing by the agency and the Civil Service Commission was arbitrary and unlawful. The court, speaking through Judge Durfee, held that the evidence supported the determination of the Civil Service Commission, that the resignation of plaintiff (who was unwilling to accept reassignment to another position within the Baltimore District of the Corps of Engineers) was voluntary and further that such finding based, as it was, on substantial evidence obviated the need for an oral hearing on the matter. McGucken v. United States, 187 Ct. Cl. 284, 407 F. 2d 1349, cert. denied 396 U.S. 894 (1969).
4. Thereafter, this suit was filed by which the plaintiff claims entitlement to the benefits of the severance pay provisions of the Salary Act of 1965, Pub. B. 89-301, 79 Stat. 1118, 5 TJ.S.C. 5595, and the regulations issued thereunder.
. 5. The defendant, on February 16, 1970, filed its motion for summary judgment. Thereafter, the court, on June 5, 1970, issued its order denying the defendant’s motion, asserting that “the issue as to whether plaintiff was offered a new ‘equivalent position’ with ‘like seniority’ has not as yet been -determined” and remanded the case for trial.
6. The issue for trial as reflected in the pretrial memorandum is: Was the position which plaintiff declined to accept [at the time he submitted his resignation] an equivalent position with like seniority to the position he formerly held ? Counsel for the defendant conceded at pretrial that if it can be shown that the position declined was not equivalent and of like tenure, the plaintiff is entitled to recover under the Act referred to above. The converse would of course follow — if such camiot be established the plaintiff is not so entitled and the case should be dismissed.
7. The plaintiff has been given full opportunity to present his proofs. A one-day trial was held at which the plaintiff, the personnel officer and also the chief counsel of the Baltimore District, Corps of Engineers, were called as witnesses. Although a number of documents were introduced in evidence, most of those presented show that plaintiff seeks to relitigate the question of voluntariness of the plaintiff’s resignation from the service which has already been decided by the court as indicated above.
*969 8. The relevant statute and regulations include, inter alia:
(a)Section 9 of the Federal Employees Salary Act of 1965, Pub. L. 89-301, October 29,1965,79 Stat. 1118,5 TJ.S.C. 5595:
*[» H»
(b)Under regulations prescribed by the President or such officer or agency as he may designate, an employee who—
(1) has been employed currently for a continuous period of at least 12 months; and
(2) is involuntarily separated from the service, not by removal for cause on charges of misconduct, delinquency, or inefficiency;
is entitled to be paid severance pay in regular pay periods by the agency from which separated.
(b) The Severance Pay [Regulations of the Civil Service Commission, 5 C.F.R. § 550.701, et seq.:
* * * * *
(2) This subpart does not apply to an employee who, at the time of separation from the service, is offered and declines to accept an equivalent position in his agency in the same commuting area, including an agency to which the employee with his function is transferred in a transfer of functions between agencies. For purposes of this subparagraph, an equivalent position is one of like seniority, tenure, and pay other than a retained rate.
(c) 5 C.F.R. §550.706:

Resignation in lieu of involmitary separation.

(a) Except as provided for in paragraph (b) of this section, an employee who is separated because of resignation is deemed to have been involuntarily separated for purposes of entitlement to severance pay, ix he has not declined an offer of an equivalent position under § 550.701(b) (2), when he is separated because of resignation (i) after receiving a specific notice in writing by his agency that he is to be involuntarily separated not by removal for cause on charges of misconduct, delinquency, or inefficiency, (ii) after receipt of a general notice of reduction in force by his agency which announces that all positions in his competitive area will be abolished or transferred to another commuting area and his resignation is effective on a date which is not more than 1 year before the abolition or transfer, and
*970 (iii) after receipt of notice by bis agency proposing to separate bim for declining to accompany bis position when it is to be moved to another commuting area, because of a transfer of function and when all positions in bis competitive area are to be abolished or transferred to another commuting area within a period of not more than 1 year.
9. The plaintiff, by reason of military service, is entitled to a 5-point veteran’s preference.
10. Prior to February 7, 1966, plaintiff was employed as an attorney-advisor (general), job description 6505, GS-11, step 10, $11,715 per annum, in the Office of District Counsel, Corps of Engineers, Baltimore, Maryland.
11. This position was included on “Schedule A,” (excepted service), and plaintiff was classified within tenure group “1” (which included all attorneys in the excepted service serving within time limitation) and subgroup “A” (which reflected plaintiff’s veteran’s preference).
12. In this position in the Office of District Counsel, plaintiff held the greatest tenure and would have been the last employee separated during 'any reduction in force.
13. The Office of District Counsel performs legal services not involving real estate for the Corps of Engineers. The work performed therein by attorney-advisors is not always strictly legal, since, like all legal positions, it requires the performance of certain ancillary, non-legal duties. For example, attorney-advisors in the Office of District Counsel investigate automobile accidents and answer inquiries from Congressmen regarding matters concerning the Corps of Engineers and their constituents. Standard boilerplate forms are often utilized, especially in contract work.
14. In January 1966, plaintiff was notified that it was proposed (as a result of budgetary problems in the Office of District Counsel) that he be reassigned to a vacant position as attorney-advisor (real property) in the Beal Estate Division, Corps of Engineers, Baltimore, Maryland.
15. On Friday, February 4, 1966, plaintiff’s senior personnel officer prepared a standard form 50 advising plaintiff of the transfer, effective Sunday, February 6, 1966. This letter was to be delivered to plaintiff at his office on the 7th. *971 However, when plaintiff did not report for work on that date, it was mailed to his home.
16. As shown in findings 1 and 2, the plaintiff was unwilling to accept the position to which he had been reassigned and he submitted his written resignation.
17. The position of attorney-advisor (real property), job description 6201, was at GS-11, step 10, $11,715 per annum. The position was included on “Schedule A” (excepted service) [1] and plaintiff would have been classified within tenure group “1” (which included all attorneys in the excepted service serving without time limitation) and subgroup “A” (which reflected plaintiff’s veteran’s preference). The position was hi the Acquisition Branch, Eeal Estate Division.
18. In this position in the Eeal Estate Division, plaintiff would have held the greatest tenure and would have been the last employee separated during any reduction in force. At the times herein material, there were three attorney-advisors employed in the Acquisition Branch.
19. The Eeal Estate Division performs legal functions relating to acquisition, disposal, disposition, inleasing, out-leasing and management of real property for the Corps of Engineers, Baltimore District, and handles all legal problems arising in conjunction with real estate. Standard boilerplate forms are utilized at times, primarily for leasing purposes. However, attorneys who ascertain that a given objective cannot be achieved through the use of such forms are free to, and do in fact, consult with the originators of said forms concerning possible deviations from the standardized forms.
20. A non-attorney would neither be qualified nor permitted to occupy the position of attorney-advisor (real property) with the Corps of Engineers.
21. The testimony of both govermnent witnesses, together with a perusal of plaintiff’s exhibit X-l, demonstrate clearly that the attorney-advisor position to which plaintiff refused to be reassigned was comparable in pay, seniority 'and tenure *972 to the position which plaintiff held in the office of District Counsel prior to his resignation.
Ultimate Finding
On the basis of the entire record, it is found that the position of attorney-advisor in the Office of District Counsel at grade 11 at a salary of $11,715 per annum was equivalent with like pay, tenure and seniority to the position of attorney-advisor in the Deal Estate Division of the Office of District Engineer, Baltimore District, Corps of Engineers, Department of the Army. Accordingly, the plaintiff is not entitled to severance pay under the regulations of the Civil Service Commission (see finding 8) since the position he declined was equivalent.
CONCLUSION OF LAW
Upon the foregoing findings of fact and opinion, which are adopted by the court and made a part of the judgment herein, the court concludes as a matter of law that the plaintiff is not entitled to recover and the petition is dismissed.
CONGrBESSIONAL EEFEEENCE
(The following Report was filed pursuant to the Act of October 15, 1966, 80 Stat. 958, providing for the reporting of congressional reference cases by commissioners of the Court of Claims)

 This position was identifies erroneously by checkmark on one notification of personnel action form as in the competitive service. The error was fully explained by the personnel officer in his testimony.