This civilian pay case is before the court on defendant’s motion for summary judgment. Plaintiff alleges that his removal for refusing to accept a geographical reassignment is not supported by substantial evidence, in that the removal was part of defendant’s plan to force the resignation of high-level employees and was not undertaken to promote the efficiency of the service. Defendant contends, *701 however, that plaintiffs proposed reassignment was for the good of the service and that his removal for refusing the reassignment was neither arbitrary nor capricious and is supported by substantial evidence. We agree with defendant.
On August 31, 1971, plaintiff then a Supervisory Assurance Specialist, GS-1910/13, with the Defense Supply Agency, Defense Contract Administration Service Region, Dallas, Texas, received a reassignment of like grade and pay to Houston, Texas. He refused to accept the proposed reassignment on the grounds that the reassignment was designed to force his resignation; that it was a reduction in rank; and that it was not proposed for the stated purpose of furthering his career development, since he had no need for the experience offered by the new position. Plaintiff was removed on February 4, 1972, for refusing the offered position.
The Civil Service Commission Board of Appeals and Review (Board) denied plaintiffs administrative appeal on January 4, 1973, and refused his motion for reconsideration on June 21, 1974. Plaintiff originally sought judicial review of the administrative action in the United States District Court for the Northern District of Texas on April 28, 1975. After that suit was dismissed May 3, 1978 on plaintiffs motion for voluntary dismissal, plaintiff filed the present suit on May 11, 1978.
An agency has broad discretion to reassign employees under its jurisdiction. Urbina v. United States, 192 Ct. Cl. 875, 880-81, 428 F.2d 1280, 1284 (1970). An agency also has broad discretion to remove employees who refuse reassignment. Plaintiff faces a heavy burden in attempting to prove an abuse of such discretion. Comberiate v. United States, 203 Ct. Cl. 285, 288-89 (1973). Plaintiff Bender has simply repeated before this court the arguments which were presented to and rejected by the Board. Plaintiff has pointed to no evidence in the record tending to show that the proposed reassignment was intended to force his resignation, or that it constituted a reduction in rank, or that it was not for the good of the service. Nor has plaintiff presented any additional evidence by affidavit to rebut the unfavorable findings of the Board. Plaintiffs proposed reassignment concededly would have involved no change in *702 his grade or pay. We have held that the overriding criteria in determining the comparability of positions are grade and pay. Comberiate v. United States, supra at 289. Plaintiff having failed to persuade us otherwise, we can only conclude that the proposed reassignment was a valid exercise of the agency’s discretionary power to reassign employees.
Plaintiff also alleges procedural error in the agency hearing due to the appointment of an inexperienced hearing examiner and the denial of access to documents. These claims of procedural error were rejected by the Board. Again, plaintiff has failed to produce any contradictory affidavits or any material whatsoever to satisfy us that the Board was wrong to reject these claims — or even to show a possible issue of material fact. We conclude that plaintiff received a fair and impartial hearing which complied with applicable regulations.
For the above reasons, we agree with the defendant that plaintiffs removal for refusing the proposed reassignment to Houston was neither arbitrary, nor capricious, nor unsupported by substantial evidence.
it is therefore ordered, upon careful consideration of all submissions of the parties, and without oral argument, that defendant’s motion for summary judgment is granted, and the petition is dismissed.