Civilian pay; demotion; due process; insubordination.—On December 14, 1979 the court entered the following order:
Before Davis, Judge, Presiding, Kashiwa and Bennett, Judges.
This civilian pay case is before us on defendant’s motion for summary judgment. On June 19, 1977, plaintiff, an employee of the General Accounting Office (GAO), was demoted from a GS-7 secretary/special assistant position to a GS-5 secretary position for insubordination. Plaintiff sues here for reinstatement to her old position, or one of comparable grade, and for back pay. We hold that there is no genuine issue as to material fact, and grant defendant’s motion.
Plaintiff had been a GS-7 employee at GAO since 1972 when on September 27, 1976, she was selected for a position as a secretary/special assistant to the Office of Education audit site staff of the Human Resources Division, GAO. The position required plaintiff to perform secretarial services, to act as an administrative assistant to the staff, and to supervise other secretaries and oversee *525 and process the administrative workload at the office site. Plaintiff performed her job well, technically. However, she had difficulties in getting along with other workers at the audit site and her supervisors became concerned that the friction generated was interfering with productivity. Matters were such that, by Christmas of 1976, her supervisors were considering moving plaintiff to some other location.
On February 2, 1977, Mr. Henig, Deputy Director, Human Resources Division, decided to move plaintiff from the work site. He called her into his office and told her to report to his office the next morning to fill in temporarily for his absent secretary. Plaintiff refused. Mr. Henig told her that she was "bordering on insubordination,” and again told her that she should report to his office the following morning. At this point, plaintiff walked out of the office. The next morning she did not report to his office but returned to the audit site instead. Mr. Henig called plaintiff on the phone and told her to report to work at his office in half an hour. Plaintiff never did.
At this point, Mr. Henig discussed the situation with Mr. Magnetti of the GAO’s Office of Personnel Development and Services (Personnel Office), asking him what position should he taken regarding plaintiffs actions. Mr. Magnetti replied that what she had done was insubordination and that possibly charges could be filed against her. Mr. Henig also asked what authority he, Henig, had to transfer plaintiff from the audit site to his, Henig’s office. Mr. Magnetti offered to research the matter and later reported back that Henig could detail plaintiff to his office for 30 days without documentation.
Subsequently, matters were taken up by Mr. Ahart, Director, Human Resources Division. After appraising the situation and conferring several times with plaintiff, Mr. Ahart sent a recommendation to the Personnel Office that adverse action be taken against plaintiff and that she be dismissed for the good of the service. The Personnel Office notified plaintiff, as require by 5 C.F.R. § 752.202(a)(1) (1977), that adverse action was proposed to be taken against her. The notice was signed by Mr. Tron, Chief, Employee Relations Staff. The notice stated that the grounds of the proposed action were insubordination and seven other charges relating to her troubles with co *526 workers. Plaintiff did not give a written reply to the charges but appeared at a hearing with counsel to give an oral reply. The hearing was presided over by Mr. Magnetti. Mr. Magnetti dismissed one of the charges but found that the rest, including the charge of insubordination, were sustained by the evidence. However, in regard for plaintiffs technical skills, and her particular difficulties, he decided not to dismiss her but rather to demote her to a GS-5 secretary position where she had no supervisory functions and minimal responsibility for dealing with other staff.
Plaintiff appealed the decision to the Federal Employee Appeals Authority of the Civil Service Commission (FEAA). The FEAA considered six of the charges and the charge of insubordination was affirmed along with three others. The FEAA further found that the two-grade demotion was an excessive punishment for the charges involving inability to get along with co-workers but was sustainable on the sole ground of insubordination.
Plaintiff further alleges that both she and her counsel spoke ex parte to the assistant appeals officer, Ms. Rousos, who presided over the hearing of the appeal. Ms. Rousos allegedly said that she had originally found for the plaintiff on the ground of insubordination, but had been forced to change her opinion by the chief appeals officer. The chief appeals officer did not attend the appeal hearings but his signature appears on the decision as well as that of Ms. Rousos.
Plaintiff now sues here to overturn the administrative action. Her claim is based on a number of grounds: (1) the administrative action was procedurally defective; (2) the FEAA decision was arbitrary, capricious, and unreasonable; (3) the punishment was so severe as to constitute an abuse of discretion.
Plaintiffs first procedural objection is that the GAO decision to demote her violated 5 C.F.R. § 752.202(f) (1977), which reads in pertinent part:
(f) Notice of adverse decision. The employee is entitled to notice of the agency’s decision at the earliest practicable date. The decision shall be made by a higher level official of the agency, when that exists, than the official who proposed the adverse action.
*527 Plaintiff argues that the adverse action was proposed by Mr. Ahart, who recommended to the Personnel Office that adverse action be taken against plaintiff. Mr. Magnetti, the official who made the decision to demote plaintiff, was not a higher level official than Mr. Ahart. Defendant argues that the adverse action was proposed by Mr. Tron, who sent the notice of the proposed adverse action to plaintiff. Mr. Magnetti is a higher level official than Mr. Tron. The issue then is whether Mr. Tron or Mr. Ahart proposed the adverse action.
Plaintiffs position is that Mr. Ahart did because, even though Mr. Tron formally made the charges, Mr. Ahart was "calling the shots.” Plaintiff cites no evidence in support of this contention except for a vague reference to all of the documents, reports, and affidavits in this case. Plaintiff raised this issue in her administrative appeal but the FEAA specifically found that the decision to demote plaintiff was made by a higher level official than the one who proposed the adverse action. The issue as framed by plaintiff is one of fact, and we hold that there is substantial evidence to support the FEAA decision. Mr. Aharf s letter to the Personnel Office is by its terms only a recommendation. The charges against plaintiff actually came out of the Personnel Office. An organization chart of GAO submitted by plaintiff with her petition indicates that the Office of Personnel Development and Services is entirely separate from the Human Resources Division which is headed by Mr. Ahart. Mr. Ahart appears to have no direct authority over the Personnel Office or over Mr. Tron who was in the Personnel Office. Thus, the FEAA could reasonably have concluded that Mr. Ahart was not "calling the shots,” and that the proposal of adverse action was the independent work of the Personnel Office and Mr. Tron. We therefore affirm the FEAA’s finding that there was no violation of 5 C.F.R. § 752.202(f) (1977).
Plaintiffs second procedural objection is that there was an unlawful combination of functions that deprived plaintiff of due process of law under the fifth amendment. Plaintiff points to the fact that the person who made the decision to demote her, Mr. Magnetti, had earlier been consulted by Mr. Henig about what action could be taken against plaintiff. Plaintiff does not claim that this violates *528 any statute or regulation. Her attack is strictly on the constitutional level.
Generally an agency’s combination of judging and investigative functions does not deny due process. Withrow v. Larkin, 421 U.S. 35, 47, 52 (1975) (mere exposure to evidence presented in nonadversary investigative procedures is insufficient in itself to impugn fairness of decisionmaker at a later adversarial hearing); K. DAVIS, ADMINISTRATIVE LAW OF THE SEVENTIES § 13.02 (1976); cf. Federal Trade Comm’n v. Cement Institute, 333 U.S. 683 (1943) (due process did not require disqualification of decisionmakers who had participated in ex parte investigations and expressed their opinion as to the proper outcome of the case prior to hearing).
Defendant argues that the constitutional attack made on the combination of functions here is barred by Arnett v. Kennedy, 416 U.S. 134 (1974). In Arnett, a federal employee was charged with, among other things, saying that one of his superiors had tried to bribe someone. The employee was given a hearing which was presided over by the very superior who was the subject of the employee’s alleged statements. The employee was dismissed and sued in federal district court. 416 U.S. at 136-38. The district court held that the dismissal procedure violated due process because, inter alia, there was no provision for an impartial decisionmaker. Kennedy v. Sanchez, 349 F. Supp. 863, 865 (N.D. Ill. 1972). On appeal, the Supreme Court reversed. Five Justices held that the employee had no constitutional or statutory right to an impartial decisionmaker at the pretermination hearing. 416 U.S. at 155 n.21, 170 n.5. Plaintiff here does not attempt to distinguish Arnett or respond to defendant’s argument in any way.
We hold that, under Arnett, plaintiff was not deprived of due process of law by any combination of functions in the instant case. Any., bias that may have been present here would be insignificant compared to what was involved in Arnett, and the Supreme Court upheld a dismissal whereas plaintiff was only demoted. Plaintiff does not claim any personal bias against her by Mr. Magnetti. Furthermore, we note that the decisionmaker here, Mr. Magnetti, not only dismissed one of the charges against plaintiff but reduced her punishment from dismissal to demotion. This *529 would indicate the absence of bias. Plaintiff offers us nothing to lead to a contrary conclusion.
Plaintiffs last procedural objection is that she was deprived of due process because the chief appeals officer of the FEAA pressured his assistant, Ms. Rousos, into changing her opinion so that the finding of insubordination would be affirmed. Defendant responds by offering affidavits by both Ms. Rousos and the chief appeals officer to the effect that the chief did not pressure his assistant to change her opinion. Plaintiff has not offered counteraf-fidavits to preserve the issue but rests on her unsworn allegations. This warrants granting summary judgment against plaintiff on this issue. Ct. Cl. Rule 101(f).
We now reach plaintiffs substantive attacks on the administrative action. First, we find no merit in the contention that the decision of the FEAA to affirm the finding of insubordination was arbitrary, capricious, and unreasonable. Plaintiffs claim is amply rebutted by her own petition and the documents attached to it which reveal that plaintiff twice disobeyed the perfectly reasonable request of her superior to report to work at his office. Plaintiff does not contest these facts. Thus, the FEAA decision must be upheld.
We also reject the contention that the penalty imposed, a two-grade demotion, was so "harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion by the agency.” Power v. United States, 209 Ct. Cl. 126, 130, 531 F. 2d 505, 507 (1976). Plaintiff cites no case where a demotion, as opposed to a dismissal, has been struck down under this standard. We have, however, upheld dismissals for insubordination and for refusals to accept reassignments. Bender v. United States, 219 Ct.Cl. 700 (1979); Calderazzo v. United States, 213 Ct. Cl. 709 (1977); Comberiate v. United States, 203 Ct. Cl. 285 (1973); Stevenson v. United States, 155 Ct. Cl. 592 (1961), cert. denied, 371 U.S. 835 (1962); cf. Long v. United States, 219 Ct. Cl. 687 (1979) (reinstatement denied after voluntary retirement to avoid reassignment that eliminated supervisory responsibilities).
Plaintiffs other contentions merit no discussion.
it is therefore ordered that defendant’s motion for summary judgment is granted. The petition is dismissed.