**Patrick F. X. McGUCKEN**

v.

**The UNITED STATES.**

**No. 154–67.**

United States Court of Claims.
March 14, 1969.

---

Donald H. Dalton, Washington, D. C., attorney of record, for plaintiff.

Robert R. Donlan, Washington, D. C., with whom was Asst. Atty. Gen. Edwin L. Weisl, Jr., for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON and NICHOLS, Judges.

ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

DURFEE, Judge.

This is an action for back pay in which plaintiff, an Attorney-Advisor, Corps of Engineers, Department of the Army, Baltimore, Maryland, claims that his resignation was involuntary, and as a preference eligible, the denial of an oral hearing with the Corps of Engineers and with the Civil Service Commission was arbitrary and illegal. Both sides have moved for summary judgment.

On January 10, 1966, plaintiff was informed by letter that there was a proposal to reassign him to the vacant position of Attorney-Advisor, Acquisition Branch, Real Estate Division, Department of the Army, Baltimore, Maryland, effective February 6, 1966, at the same grade and level as his present position. In a letter dated February 2, 1966, plaintiff was notified that he would be reassigned as indicated in the January 10 letter, but the effective date was changed to February 7, 1966.

Thereafter, on February 4, 1966, plaintiff wrote a letter in which he stated:

"Under protest, I resign for the reason that I am unwilling to accept the reassignment directed in your letter of 2 February 1966. The effective date of this resignation will be 0800 hours, 7 February 1966."

On February 7, plaintiff called the District Counsel's secretary, told her where she could find the letter, and asked her to submit it to the District Counsel.

At the root of plaintiff's claim is that at the time of his resignation, he was "nervous, sick, mentally ill and upset"; that his resignation was not of his free will, but was to avoid a physical attack upon his person, and that, therefore, his resignation was involuntary.

In Paroczay v. Hodges, 111 U.S.App. D.C. 362, 297 F.2d 439 (1961), the court stated that the papers before the District Court created a genuine issue of material fact as to the voluntariness of the resignation, and that summary judgment was therefore not proper. In footnote 4, the court also stated:

The issue of coercion is not solved by accepting the contention of defendants that there was no obligation to give the employee an option to resign; for this does not answer the question whether the resignation which was given was coerced. *If it was the separation constituted a discharge,* and Paroczay had certain rights under the Veterans' Preference Act. * * * [Emphasis supplied.] Id. at 441.

The issue of voluntariness in *Paroczay, supra,* arose because appellant was told that he would be charged with serious misconduct unless he resigned then and there. Given such a situation, the court concluded that the resignation may not have been voluntary. It then distinguished the case of Rich v. Mitchell, 106 U.S.App.D.C. 343, 273 F.2d 78 (D.C. Cir. 1959), cert. denied 368 U.S. 854, 82 S.Ct. 91, 7 L.Ed.2d 52 (1961), where there was no demand for an immediate resignation under threat of immediate charges, and where the employee in fact was given three days to consider his course of action. Nor was the employee denied the right to consult his family and friends, a right which appellant in *Paroczay* claims was denied him.

■ If the facts in this case indicated that the resignation was not voluntary, then plaintiff should have been afforded a hearing under the Veterans' Preference Act, 5 U.S.C. § 863 (1964). This is so because, as was stated in *Paroczay, supra,* an involuntary resignation is a discharge, and 5 U.S.C. § 863 states in pertinent part:

No permanent or indefinite preference eligible, * * * shall be discharged, * * * except for such cause as will promote the efficiency of the service and for reasons given in writing,

* * *; such preference eligible * * shall have the right to appeal to the Civil Service Commission from an adverse decision of the administrative officer so acting, * * *: *Provided,* That such preference eligible shall have the right to make a personal appearance, or an appearance through a designated representative, in accordance with such reasonable rules and regulations as may be issued by the Civil Service Commission; * * *.

Two days after plaintiff submitted his letter of resignation, he appealed his resignation to the Civil Service Commission, claiming that he had no alternative to an unjust reassignment. He did not at that time ask for a hearing. The Commission's Philadelphia Regional Office concluded that the appeal was not within the purview of the Commission's appellate jurisdiction. In arriving at this conclusion, the Commission specifically considered the voluntariness of plaintiff's resignation, and decided that it was in fact voluntary.[1]

Plaintiff then appealed to the Civil Service Commission's Board of Appeals and Review, which concurred in the findings of the Philadelphia Regional Office, and reaffirmed that the reassignment and the facts attendant thereto did not constitute an adverse action within the meaning of Part 752 of the Commission's regulations.[2]

As the court in *Paroczay, supra,* indicated, the voluntary nature of a resignation is an issue of fact. Viewing the facts in this case against the standards which have been established to de-termine voluntariness, we conclude that the Civil Service Commission had substantial evidence upon which to conclude that plaintiff's resignation was voluntary. We need only look at this court's standard to see that plaintiff has failed to prove his case:

* * * three elements are common to all situations where duress has been found to exist. These are: (1) that one side involuntarily accepted the terms of another; (2) that circumstances permitted no other alternative; and (3) that said circumstances were the result of coercive acts of the opposite party. * * * Fruhauf Southwest Garment Company v. United States, 126 Ct.Cl. 51, 62, 111 F.Supp. 945, 951 (1953).

None of these situations, in our opinion, existed here. Plaintiff was "unwilling" to accept a reassignment, which indicates both his freedom of choice and the fact that he was not coerced. In addition, he had three days to decide whether to accept the reassignment or not. By later claiming that he was mentally ill and nervous at the time of his resignation does not mean that he was forced into resigning. The involuntary nature of a resignation arises from external coercion and duress, and not from internal misconceptions or unsubstantiated threats of physical attack. Plaintiff may have believed that he was coerced, but he has adduced no persuasive evidence to show coercion.

Plaintiff now says, in addition, that he was mentally ill at the time of his res-

1. The Commission's letter to plaintiff stated in part:

    "The Commission holds that a resignation constitutes a discharge for the purpose of Part 752, Subpart B, consideration if it was secured by duress, intimidation, or deception. (A discharge is one of the agency-initiated adverse actions against employees covered by the Commission's appellate authority set forth in Section 752.203, Civil Service Regulations). A resignation not secured by duress, intimidation, or deception is regarded, for the purposes here concerned, as the em-ployee's own, voluntary act and is therefore not subject to Commission appellate review.

    * * * * *

    "The several exceptions you offer against the propriety of your reassignment * * * do not in any sense constitute proof of action by the agency restricting you to the single course of resignation, by practice of duress, intimidation, or deception, in our judgment."

2. For the text of the Civil Service Regulations then in effect, see 5 C.F.R. § 752 (1964).

ignation, but he does not present us with any facts (as distinguished from mere conclusory assertions) which would warrant a trial or further consideration of that issue. Without a more substantial showing, he cannot attack the Commission's finding on the ground of mental illness.

Since the Civil Service Commission's determination was based on substantial evidence, the lack of an involuntary resignation negates the assertion that there was an adverse action. Since there was no adverse action, a hearing was not required.

■ Plaintiff also alleges that the Army and the Corps of Engineers acted in an arbitrary, capricious and illegal fashion in separating him, denying him an oral hearing, holding his resignation voluntary, and refusing to revoke his resignation. Nowhere does plaintiff point to any specific violation of a law or statute in this regard. Moreover, the evidence supporting the Civil Service Commission in its finding of a voluntary resignation which obviated the need for a hearing, similarly supports the action taken by the Army and the Corps of Engineers without a hearing.

■■ Finally, plaintiff argues that Army Regulations were not followed when he was allegedly informed that he had no appeal rights. We need not inquire into the truth of the allegation, since the fact that plaintiff did appeal makes the point moot. In addition, the Army Regulations cited (Civilian Personnel Regulations E 2.5, paragraph 5–6) mention the right of eligible employees to appeal to the Civil Service Commission under Part 22 of the latter's regulations, dealing with adverse actions (Part 22 is now Part 752). However, as we have already seen, plaintiff's resignation was not involuntary, hence not a discharge, and was therefore not an adverse action. Thus, in truth, he had no appeal rights.

Since plaintiff was not denied any rights on appeal, and since the Civil Service Commission's factual determination was based on substantial evidence, defendant's motion for summary judgment is granted and plaintiff's motion for summary judgment is denied.

Accordingly, plaintiff is not entitled to recover, and the case is dismissed.