James L. HARVEY, Plaintiff-Appellant,

v.

Frank NUNLIST, Assistant Postmaster General, U. S. Postal Service, Defendant-Appellee.

No. 74–1671

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Aug. 26, 1974.

**336**

Clarke Gable Ward, Houston, Tex., for plaintiff-appellant.

James R. Gough, W. Palmer Kelly, Asst. U. S. Attys., Houston, Tex., for defendant-appellee.

Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges.

PER CURIAM:

Plaintiff Harvey, assistant supervisor at a Houston, Texas, post office, was charged with falsification of official Post Office records by assisting a subordinate in the preparation of a voided postage due sheet in the amount of $120. Despite an untarnished record and 19 years of service with the Postal Service, Harvey was dismissed from the department. He complained of racial discrimination, but an E.E.O.C. investigation found the complaint to be unsupported. A post office hearing officer held that the falsification charge was supported by the evidence and that the discrimination charge was meritless. The hearing officer's findings were upheld on administrative appeal. Plaintiff appealed to the district court which granted summary judgment in favor of defendant.

■■■ Harvey asserts on appeal that the postal authorities acted too harshly in dismissing him from the service rather than imposing a lesser punishment. However, the scope of judicial review of agency actions is limited to discerning whether procedural due process requirements were met and whether the agency action was arbitrary or capricious or unsupported by substantial evidence. *See* Dozier v. United States, 5 Cir., 1973, 473 F.2d 866; Vigil v. Post Office, 10 Cir., 1969, 406 F.2d 921, 922. Neither of these issues is before us, as Harvey admits the violation with which he was charged. The district court considered the record of the agency proceedings and found that the Postal Service had a rational basis for dismissal which was not motivated by bad faith or malice. Absent such factors, the trial judge correctly noted that he lacked the power to substitute his judgment for that of the agency in matters of employee removal and discipline. Chiriaco v. United States, 5 Cir., 1964, 339 F.2d 588; Hargett v. Summerfield, 1957, 100 U.S.App. D.C. 85, 243 F.2d 29, 32, cert. denied, 353 U.S. 970, 77 S.Ct. 1060, 1 L.Ed.2d 1137.

Affirmed.