"This military pay case comes before the court on cross-motions for summary judgment. Plaintiff is a former Air Force officer who has served his nation with honor. He retired from the service on August 1,1974, but contends his resignation was wrongfully coerced.
"Plaintiff was serving at Andrews Air Force Base in Maryland on a so-called stabilized tour in 1974, when, on April 1, he was notified of his pending reassignment to Minot AFB in North Dakota. Plaintiff opposed the transfer, but his objections were not heeded. Ultimately, he was given 7 days to choose between accepting the reassignment and retiring from the service. He chose to retire, leaving the service on August 1, 1974. On September 23, 1974, he applied to the Air Force Correction Board, asking that his retirement be voided and that he be recalled to active duty. He claimed that the transfer order was invalid because it denied him the 'stabilized tour’ status he claimed and because it was based upon prejudicial attitudes of two of his supervisors. On June 12,1975, the Correction Board denied plaintiff relief, advising him that he had not established a showing of probable material error or injustice. He filed suit on April 6, 1977, asking that the court give him back pay to the date of his retirement, that the transfer order to Minot AFB be declared invalid, that he be recalled to active duty, or alternatively, that we require the Correction Board to give him a hearing and reconsider his case.
"Plaintiff moved first for summary judgment. His motion was grounded on the assertions that Air Force regulations prohibited his transfer during the period of his stabilized tour and that his retirement was involuntary. Defendant’s cross-motion revealed that the regulation upon which plaintiff relied was not effective until long after the transfer order and plaintiffs retirement, which plaintiff now concedes. Plaintiff has not been able to show us any regulatory impediment to the transfer order, nor have we been able to find one. The general rule is that the military in its discretion may allocate its personnel as it *1005 sees fit, and plaintiff has not met his burden of showing that his reassignment was impermissible.[1]
"In any case, plaintiffs entitlement to back pay depends upon a showing that his retirement was illegal and that he should have been retained upon active duty. But the transfer involved no stigma or monetary disadvantage, and plaintiffs opportunity to choose between accepting the transfer and retiring precludes any claim that the retirement was made under duress; the presence of an alternative to retirement made the retirement voluntary. Murphy v. United States, 209 Ct. Cl. 352, 363-64 (1976); Christie v. United States, 207 Ct. Cl. 333, 338, 518 F.2d 584, 587-88 (1975) (civilian employee’s retirement held voluntary because she had an alternative, though unpleasant); Pitt v. United States, 190 Ct. Cl. 506, 516, 420 F.2d 1028, 1034 (1970) (threat of court-martial did not make resignation involuntary); McGucken v. United States, 187 Ct. Cl. 284, 289, 407 F.2d 1349, 1351, cert. denied, 396 U.S. 894 (1969) (resignation chosen over reassignment held not coerced). The Air Force did not suggest to plaintiff that he should retire. Plaintiffs retirement having been voluntary, no monetary claim is presented.
"Plaintiff seems to think his resort to the Correction Board strengthens his claim, since, in his view, the Correction Board did not apply proper procedures, may have considered improper evidence, and failed to uphold its duty to correct errors and injustices. The procedures of which he complains, such as the consideration of ex parte opinions, the failure to provide a hearing, and the absence of written records, are ones which may be nonjudicial in character, but correction boards are not courts and we have recently upheld these procedures. Flute v. United States, 210 Ct. Cl. 34, 41, 535 F.2d 624, 628 (1976). This is not to say that those are the best procedures, and we are pleased to take notice that on May 13, 1977, they were changed by amendment of AFR-31-3. However, plaintiffs claim that *1006 changes in correction board regulations adopted in 1977 should be applied retroactively is without merit. Simply, until the board changed its procedural regulations, it was not obligated to refuse ex parte opinions, to explain reasons for denying hearings, or to maintain records indicating the bases for its decisions. As for the alleged failure of the board to adhere to its duty to correct injustices as well as errors, we need not here consider the jurisdictional arguments concerning our power to review correction board decisions or to remand to the board, because we cannot conclude any injustice was done. Plaintiff voluntarily chose to retire rather than accept a lawful transfer, and it was not unjust or illegal for the Air Force to accept his unqualified application for voluntary retirement. Plaintiff has no valid claim for money damages and does not state a claim within the jurisdiction of the court.
"Therefore, upon the briefs and oral arguments of the parties,
"It Is Ordered that defendant’s motion for summary judgment is granted, plaintiffs cross-motion is denied, and the petition is dismissed.”
On March 3, 1978 the court denied plaintiffs motion for rehearing.

 Under a regulation effective at the time of his transfer orders, reassignment was permitted 'to serve in the best interests of the Air Force.’ AFR 36-20, Table 9-8 (1973). An uncontroverted affidavit offered by defendant indicates that, under that standard, the transfer order was valid. It was also in accord with the recommendations in plaintiffs OERs. We cannot find anything arbitrary or in bad faith behind the transfer order which might vitiate it for an abuse of discretion.