Richard COFFMAN, Plaintiff-Appellant,

v.

William F. BOLGER, Postmaster General, United States Postal Service, Defendant-Appellee.

No. 78–2615

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 9, 1979.

Jack B. Solerwitz, Mineola, N. Y., for plaintiff-appellant.

William L. Harper, U. S. Atty., Robert J. Castellani, Asst. U. S. Atty., Atlanta, Ga., for defendant-appellee.

Before CLARK, GEE and HILL, Circuit Judges.

PER CURIAM:

Richard Coffman appeals from a summary judgment below in favor of the Postmaster General, in essence upholding his termination of employment with the United States Postal Service.

"In cases involving the termination of federal employment, the scope of judicial review is limited to a determination of whether the administrative action has complied with the required procedural due process or whether the administrative action is arbitrary or capricious." See *Adkins v. Hampton,* 5 Cir. 1978, 586 F.2d 1070, at 1072 (1978) and cases therein cited. Since appellant levels no challenge at any specific procedural inadequacy, our review is limited to whether the agency decisions were arbitrary, capricious or unsupported by substantial law. For the reasons stated in its opinion appended hereto, we conclude that the district court correctly decided that they were not, and that as a matter of law they were reasonable and supported by substantial evidence in the administrative record.

AFFIRMED.

## APPENDIX

Order

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| RICHARD COFFMAN | : | |
| v. | : | C77–432A |
| BENJAMIN F. BAILOR, Postmaster General, United States Postal Service | : : : | |

## COURT ORDER

This is an action for judicial review of three administrative decisions culminating in the termination of plaintiff Coffman from the United States Postal Service (the Postal Service). The case is now before the

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Court on cross motions for summary judgment.

The record reflects the following sequence of events: Coffman, a veteran, was hired by the Postal Service at a management level (Grade PES–26) in 1973. In April of 1976, Coffman was called before the Regional Postmaster General and informed that his work was unsatisfactory. He was then given the option of termination after 30 days leave, or taking a reduction in rank to the PES–23 level with a salary guaranteed at the PES–26 level for 102 weeks, after which time he would be eligible for retirement. Choosing the latter alternative, Coffman signed a document accepting the rank reduction and stating that the action was being taken "willfully . . . without coercion or intimidation."

The following month, Coffman appealed to the Civil Service Commission, alleging in substance that the proposed termination had been without cause and that the rank reduction agreement was involuntary, despite its language to the contrary. (Under Part 752–B of the Civil Service Regulations, the Commission may hear only cases of involuntary adverse employment action, including those actions found to have been consented to under duress.) A hearing as to the voluntariness of Coffman's consent was held on October 6, 1976, and the Appeals Officer issued his findings on November 5. He found, *inter alia,* that Coffman had had a choice whether to accept the rank reduction agreement, that he had not been subjected to time pressure by the Postal Service, that he had had opportunity to set the effective date of change, and that the Postal Service had made its compromise offer in the belief that its charges against Coffman could be substantiated upon review. The Commission concluded that the change to lower level employment was "a voluntary action, taken at the appellant's request, and therefore is not within our appellate jurisdiction." (Admin. record, p. 141) Coffman sought review of this determination before the Commission's Appeals Review Board, but his request was denied.

On February 10, 1977, Coffman filed another appeal with the Commission, this time alleging that the Postal Service had effected a further reduction in his rank from PES–23 to PES–17, in violation of the rank reduction agreement. The Commission determined, however, that it was without jurisdiction because Coffman had never been formally reduced from the PES–23 level or his PES–26 pay rate despite having been assigned to jobs which could be performed by personnel ranked at PES–19 or PES–17.

In March of 1977, the Postal Service advised Coffman that he was to be terminated for failure to report to work over a period of several weeks. Coffman appealed this decision under the Postal Service grievance and appeal procedure set forth in Part 444 of the Postal Service Manual, rejecting the alternative of a third appeal to the Civil Service Commission. In substance, Coffman argued that his failure to report to work had been justified by the actions of the Postal Service in assigning him work below the PES–23 level to which he had agreed. After a hearing, the Senior Assistant Postmaster General, Operations Group, found that Coffman's defense of justification was without merit, that he had been absent without leave as charged, and that his removal from the Postal Service was warranted.

Coffman now seeks reinstatement with the Postal Service and $1,000,000 in punitive damages against the defendant Postmaster General.

Since the facts regarding the administrative record are not in dispute, summary judgment is appropriate. *Dozier v. United States,* 473 F.2d 866 (5 Cir. 1973). Because the administrative proceedings have not been challenged for specific procedural inadequacies, this Court's scope of review is limited to the questions of whether the agency findings were unsupported by substantial evidence and whether any of the three administrative decisions was arbitrary, capricious, or otherwise unsupported by law. *Cf. Harvey v. Nunlist,* 499 F.2d 335 (5 Cir. 1974).

## I. The First Commission Proceeding

Coffman alleges that his signature on the April 1976 agreement to accept a reduction in rank was obtained by coercion, despite the document's language to the contrary. The Federal Employee Appeals Authority of the Commission made the following determination regarding Coffman's acceptance of the agreement.

> "We conclude that the appellant, when confronted with an alternative to a proposed removal action, understood the alternative, was free to choose, was given a reasonable time under the circumstances in which to make a choice, and acquiesced in the effective date set by the agency for the alternative he selected. Accordingly, we find that the appellant's change to lower level, effective April 10, 1976, was a voluntary action, taken at the appellant's request, and therefore is not within our appellate jurisdiction."

This Court finds that the above conclusion is supported by substantial evidence in the record. Duress is not measured by the employee's subjective evaluation of a situation. Rather, the test is an objective one. *Christie v. United States,* 518 F.2d 584 (1975). Coffman's protestations that he was the victim of time pressures and deprived of effective choice by the surprise nature of the confrontation is more than offset by his own admissions that he calculated the pros and cons of accepting the offer and was aware of the consequences of each course of action (Admin. record pp. 67–69). Moreover, the record contains unrefuted evidence that Coffman had been warned about the dissatisfaction of his superiors some three months before the meeting in question, a fact tending to negate Coffman's claims of unfair surprise. The task of this Court is not to weigh such evidence anew, but to determine whether the record as a whole supports the findings of the agency. The Court concludes that it does.

Nor may the Commission's decision be characterized as arbitrary, capricious or contrary to law. The finding of voluntariness on the facts developed at the hearing is fully within the standards announced in *Christie v. United States, supra,* where it was held that the mere fact that an individual is compelled to choose between unpleasant alternatives does not establish coercion.

## II. The Second Commission Proceeding

After his acceptance of the rank reduction agreement, Coffman received a series of assignments which, he maintains, constituted a further reduction in violation of the agreement. After a period of receiving no assignments whatever, he was asked to perform jobs which are ordinarily assigned to individuals ranked several levels below Coffman's guaranteed level of PES–23. However, the record discloses that no formal rank reduction was ever effected and that Coffman continued at all times to receive his PES–26 salary of $34,129 per year. The Commission decided, on the basis of these facts, that it was without jurisdiction because no adverse employment action had been taken. This Court agrees.

The jurisdictional finding by the Commission is assailable, if at all, only on grounds that it was arbitrary, capricious, or contrary to law. The Commission's refusal to recognize "de facto" rank reduction is a reasonable policy decision in light of the administrative burden likely to result from the ambiguities invited by the more liberal view. Clearly, the Commission must draw the line somewhere, and this Court finds no element of arbitrariness in its decision to condition its hearing of the case on a showing of formal rank reduction.

## III. The Postal Service Termination Proceedings

In his termination hearing before the Postal Service grievance authority, Coffman stipulated that he had been absent from work for several weeks. He claimed, however, that this absence was justified by the failure of the Postal Service to assign him meaningful work commensurate with his experience and "stature." This Court finds that the Postal Service determination of no justification is supported by substantial evidence in the record.

Coffman's allegations of a conspiracy to remove him are totally unsupported by evidence, and there is no indication that any arbitrary considerations infected the Postal Service decision. Rather, the lengthy analytical memorandum of the Hearing Officer places such emphasis on Coffman's lack of job interest and managerial ability, based upon his willingness, for example, to spend weeks reading newspapers on Postal Service time rather than make use of his managerial skills. The record fully supports the Hearing Officer's conclusion that Coffman's refusal to report to work was unjustified and that the resulting termination was for just cause.

Accordingly, the record having disclosed no factual dispute or legal error in the administrative proceedings complained of, the plaintiff's motion for summary judgment is hereby DENIED, and the defendant's similar motion is GRANTED.

SO ORDERED, this 30 day of May, 1978.

(s) Charles A. Moye, Jr.
United States District Judge