On April 13, 1979 the court entered the following order:
Before Davis, Judge, Presiding, Kashiwa, and Kunzig, Judges.
This civilian pay case comes before the court on the parties’ cross-motions for summary judgment. Edmund J. Vitkus (plaintiff) seeks reinstatement and back pay to his former position with the Internal Revenue Service (IRS). *624 Plaintiff alleges that his retirement was coerced and the IRS abused its discretion in failing to allow him to withdraw his application before the effective date of his retirement. Defendant contends, however, that plaintiffs retirement was voluntary and the agency did not abuse its discretion. We hold for defendant.
Plaintiff, on July 28, 1975, was telephoned personally by the Deputy Commissioner of IRS and informed of the agency’s decision to transfer him from his position as Assistant Regional Commissioner (Intelligence), GS-16, in Atlanta, Georgia, to the position of Assistant District Director, GS-16, in St. Louis, Missouri. At such time, plaintiff voiced his opposition to the proposed reassignment and indicated a desire to retire in lieu of accepting the proffered St. Louis position.
Subsequent to this conversation, both the IRS and Vitkus recognized that if he retired before March 12, 1976 (the date of plaintiffs fiftieth birthday) his retirement annuity would be substantially reduced. Thereafter, in order to insure that plaintiff received the maximum annuity to which he was entitled, the IRS undertook to find an interim position that plaintiff could occupy until March 12, 1976, at which time he would retire.
Plaintiff and IRS officials thereafter met on various occasions to discuss possible interim job assignments mutually acceptable to both the agency and plaintiff. After considerable vacillation on plaintiffs part, the IRS, on September 18, 1975, offered Vitkus two choices: (1) accept the permanent reassignment to St. Louis, or (2) accept an interim detail to the IRS National Office pending his retirement on March 12, 1976.[1] Significantly, at this point plaintiff had had approximately two months to contemplate his decision to retire.
After considering his decision for five more days, during which time he consulted a private attorney and his family, plaintiff elected to accept the interim detail to the IRS National Office on September 23, 1975. In conjunction with his decision, Vitkus submitted an application for voluntary retirement effective March 12, 1976.[2] On November 2, *625 1975, the IRS appointed an individual to plaintiffs position as Assistant Regional Commissioner (Intelligence) in Atlanta, Georgia.
After serving approximately three months in the National Office, plaintiff submitted yet another request that he be allowed to finish his interim detail in the Department of Revenue for the State of Tennessee (nearer his home). The detail was to run through March 12, 1976, the effective date of plaintiffs retirement.[3] The IRS once again acceded to plaintiffs wishes and the temporary transfer was effected.
Thereafter events took a sudden unexpected turn. On February 23, 1976, plaintiff by letter informed the Regional Commissioner of the Southeast Region that his retirement was coerced and that he wished to withdraw his application for retirement. Further, in a manner reminiscent of Sherman’s march, plaintiff declared he was returning to Atlanta and resuming his former duties.
Plaintiffs letter was forwarded to the IRS. National Office which held plaintiff had voluntarily submitted his retirement and denied his request to withdraw his application on the basis that the agency, in reliance upon plaintiffs proposed retirement, had already filled his previous position.
The decision of the IRS was subsequently affirmed by the Federal Employee Appeals Authority (FEAA) and plaintiff timely instituted suit in this court.
In McGucken v. United States, 187 Ct.Cl. 284, 407 F.2d 1349, cert. denied, 396 U.S. 894 (1969), this court approved a tripartite test to determine whether an employee’s resignation was coerced. These are: (1) that one side involuntarily accepted the terms of another; (2) that circumstances permitted no other alternative; and (3) that said circumstances were the result of coercive acts of the opposite party. Id. at 289, 407 F.2d at 1351.
None of these situations exists in the instant case. Plaintiff was "unwilling” to accept a reassignment to St. Louis, which is indicative of both his freedom of choice and the fact that he was not coerced. Moreover, plaintiff had an *626 abundance of time, over two months, to consider his situation regarding his retirement. See, e.g., Long v. United States, 219 Ct.Cl. 687 (1979), (approximately one month sufficient time to consider resignation); McGucken v. United States, supra (three days deemed sufficient time to consider resignation or reassignment). "Employee resignations are presumed to be voluntary and the fact that the alternatives presented to plaintiff were unpleasant does not constitute duress.” Long v. United States, supra at 4; Christie v. United States, 207 Ct.Cl. 333, 518 F.2d 584 (1975); Leone v. United States, 204 Ct.Cl. 334 (1974).
Additionally, there is no indication in the record that the proposed reassignment constituted a reduction in pay or rank so as to amount to an adverse action. The mere fact that an individual is not "subjectively satisfied” with a proposed reassignment does not invalidate the agency action. Bender v. United States, 219 Ct.Cl. 700 (1979); Long v. United States, supra; Comberiate v. United States, 203 Ct.Cl. 285 (1973).
We hold plaintiffs retirement was voluntary.
Plaintiffs final contention, i.e., that the IRS abused its discretion in failing to permit the withdrawal of his retirement application, is without merit. Since plaintiffs position had already been filled by the agency, in reliance upon his application for retirement, to permit the withdrawal of his application would clearly result in administrative disruption within the agency. As such, the agency clearly did not abuse its discretion in failing to heed plaintiffs request. Gratehouse v. United States, 206 Ct.Cl. 288, 294-95, 512 F.2d 1104, 1107(1975).
it is therefore ordered, upon careful consideration of all submissions of the parties, with oral argument, that plaintiffs motion for summary judgment is denied. Defend-ánt’s motion for summary judgment is granted, and the petition is dismissed.

 The IRS had successfully worked out a Headquarters assignment which would result in plaintiffs receiving the higher retirement annuity.

 Plaintiffs retirement was necessary in order for the IRS to create an identical or "dual encumbered” position of Assistant Regional Commissioner (plaintiffs position) to which it could appoint an individual to perform the duties of such position for the six-month period preceding plaintiffs retirement.

 This transfer was accomplished pursuant to the Inter-governmental Personnel Act by which federal employees may be contracted out to state agencies on a limited basis.