Civilian pay; resignation; voluntariness; Civil Aeronautics Board member. — On March 7, 1980 the court entered the following order:
Before Friedman, Chief Judge, Davis and Smith, Judges.
This civilian pay case is before the court on cross-motions for summary judgment. The motions, on which we have heard oral argument, present the issue whether plaintiffs resignation from the Civil Aeronautics Board (CAB) was voluntary. For the reasons discussed below, we hold that the resignation was voluntary. Because it was voluntary, we grant defendant’s cross-motion for summary judgment.
In October 1975, plaintiff was a member of the CAB. His term of office was to expire on December 31, 1976. By letter dated October 17, 1975, and signed by an assistant counsel to the President of the United States, Roderick M. Hills, plaintiff was advised that a hearing would be conducted on October 27, 1975, "to determine whether [plaintiff] should be removed from office by the President pursuant to the authority conferred by 49 U.S.C. [§] 1321(a)(2).” Section 1321(a)(2) stated, in pertinent part, that a member of the CAB "may be removed by the President for inefficiency, neglect of duty, or malfeasance in office.”[1] The letter received by plaintiff indicated that the hearing would consist of an evidence-gathering inquiry into two occurrences which had involved plaintiff and that the hearing would be presided over by counsel to the President.[2] Immediately prior to plaintiffs receipt of the letter, plain *640 tiff alleges, Mr. Hills asked plaintiff for his resignation but was refused such by plaintiff.
After the date for the proposed hearing had been postponed by mutual agreement, plaintiff notified counsel to the President that plaintiff would not participate in any hearing conducted by the White House staff. Plaintiff requested that any hearing be conducted by an independent administrative law judge and that it be preceded by the President’s making specific charges against plaintiff. In a letter to plaintiff dated December 5, 1975, counsel to the President denied plaintiffs requests and indicated that the specific charges against plaintiff to be presented to the President were neglect of duty and inefficiency. In the letter, counsel again offered plaintiff the opportunity to participate in an evidence-gathering inquiry to be conducted by said counsel prior to the submission of the matter to the President.
On December 10, 1975, having persisted in his refusal to participate in any inquiry conducted by counsel to the President, plaintiff submitted a letter of resignation to the President, wherein he stated that "my resignation is not voluntary but is submitted solely out of my respect for the office of the President.” He also stated that "[i]n resigning under protest, [he reserved] all of [his] Constitutional and statutory rights.” Plaintiffs resignation was accepted by the President and became effective on March 31,1976.
In this action, plaintiff sues defendant for loss of salary from March 31, 1976, to December 31, 1976. Plaintiff alleges that his resignation was coerced; that, in effect, he was removed from office; and that the governmental action eventuating in his removal was in contravention of federal statutory law and the due process clause of the fifth amendment.
Because we find that plaintiff was not removed from office, we need not discuss his contentions concerning the legality and constitutionality of his alleged removal. Plaintiff resigned from the CAB. We hold that his resignation was made voluntarily.
The court has held repeatedly that a resignation is involuntary only if it is made under three conditions. The conditions are:
*641 * * * (1) that one side involuntarily accepted the terms of another; (2) that circumstances permitted no other alternative; and (3) that said circumstances were the result of coercive acts of the opposite party. * * * [Fruhauf Southwest Garment Co. v. United States, 126 Ct. Cl. 51, 62, 111 F. Supp. 945, 951 (1953).]
McGucken v. United States, 187 Ct. Cl. 284, 289, 407 F.2d 1349, 1351, cert. denied, 396 U.S. 894 (1969); Leone v. United States, 204 Ct. Cl. 334, 339 (1974).
In the instant case, plaintiff had available to him at least two alternatives to resignation. He could have elected to participate in the hearing proposed by counsel to the President and to await the President’s decision as to whether he would be removed; or he could have elected, because of his belief that such a hearing would be tantamount to a "kangaroo court” proceeding, not to participate in the hearing but to await the decision of the President. In either event, if the President had removed him, he could have challenged the legality and constitutionality of the removal in a proper judicial forum. Instead of choosing to pursue either of these alternative courses of action, plaintiff elected to resign from the CAB.
There is no evidence in the record that governmental action precluded plaintiffs pursuing either alternative course of action. More specifically, there is no evidence of governmental coercion directed to preventing him from participating in the proposed hearing and/or awaiting the decision of the President. Assuming, arguendo, that plaintiffs allegation that an assistant counsel to the President asked plaintiff to resign is true, this fact would not amount to coercion. Plaintiff does not aver that the assistant counsel presented to him the choice of resigning or being removed. The choice allegedly presented was resigning or being subject to a determination of whether he should be removed. Even if the choice presented were the former, however, plaintiff has not averred, and there is no evidence to support a finding, that the President knew or believed that the proposed reasons for removing plaintiff could not be substantiated. Such knowledge or belief on the part of the President would be a prerequisite to a finding of *642 coercion. Cosby v. United States, 189 Ct. Cl. 528, 417 F.2d 1345 (1969).
The voluntary nature of plaintiffs resignation is no less by reason of the fact that plaintiff, in his letter of resignation, characterized his resignation as "involuntary” and as being tendered "under protest.” Plaintiffs characterization of his resignation is not determinative. The circumstances under which the resignation was made are determinative. Gratehouse v. United States, 213 Ct. Cl. 667, cert. denied, 434 U.S. 955 (1977). Plaintiff was not coerced into resigning. Alternatives to resignation were available to him. He chose not to pursue them and, instead, to resign.
it is therefore ordered that plaintiffs motion for summary judgment is denied, defendant’s cross-motion is granted, and the petition is dismissed.

 49 U.S.C. § 1321(a)(2) (1976).

 The letter indicated also that the hearing would be conducted in the office of the counsel to the President.