**Aurora L. GONZALEZ, Petitioner,**

v.

**DEPARTMENT OF TRANSPORTATION (FEDERAL AVIATION ADMINISTRATION), Respondent.**

No. 82–4336

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

March 21, 1983.

Shelby W. Hollin, San Antonio, Tex., for petitioner.

Harold O. Atkinson, Asst. U.S. Atty., San Antonio, Tex., for respondent.

Before GEE, RANDALL and TATE, Circuit Judges.

TATE, Circuit Judge:

The petitioner, Gonzalez, appeals from a final judgment of the Merit Systems Protection Board (the Board) dismissing her appeal upon its finding it was without jurisdiction to consider it. She contests the finding of the Board, made without a hearing, that by "voluntarily" resigning her position of employment with the Federal Aviation Administration (the Agency) when she applied for discontinued service retirement payments, she has lost the right to challenge the Agency's action in discontinuing her employment. Finding that on the record before us, no determination can be made as to whether the resignation was voluntary, we reverse the decision of the Board and remand.

### The Factual Background

Gonzalez received notice from her employer, the Agency, on July 25, 1980, that she was being separated from her employment pursuant to a reduction-in-force action by the Agency. This notice informed her that she had the right to appeal her termination, the right to a hearing, and the right to have a representative-attorney. It also informed her that she was eligible for a discontinued service retirement annuity, and that,

> [y]ou may submit your resignation to be effective on any date following receipt of this notice or be involuntarily separated under reduction-in-force procedures on September 20, 1980. In either case, you may submit an application for discontinued service retirement to be effective on the day following your separation.

The record indicates that Gonzalez filed an appeal with the Board on September 15, 1980, pursuant to 5 U.S.C. § 7701 (1979), contesting the termination.[1] The record also shows, however, that on September 18, 1980, her superior executed a resignation form stating that Gonzalez was resigning her position with the Agency. The resignation form was not signed by her nor does it indicate that she was consciously choosing to forego her right to appeal. The reason designated on the form for resigning was "to apply for discontinued service retirement".

With the appeal pending before the Board, the Agency informed the Board of Gonzalez's resignation, and in response, the Board sent a letter to both parties requesting that they address the question of the possible lack of jurisdiction to consider the appeal. The letter, however, did not inform Gonzalez of the reason why jurisdiction might be lacking. The letter merely stated,

There is a question whether any law, or regulation of the Office of Personnel Management has granted the Board jurisdiction to decide an appeal from the kind of action challenged by the appellant. The types of action which may be appealed to the Board are listed in section 1201.3 of the Board's regulations. 5 C.F.R. 1201.3. You may submit any evidence or argument on the jurisdictional issue within ten (10) calendar days after your receipt of this letter.

If it is concluded the Board has jurisdiction, we will continue processing the appeal and schedule a hearing if one has been requested. If it is concluded that the Board has no jurisdiction and a hearing on the jurisdiction issue is unnecessary, the record will close. . . .[2]

■ Neither party responded to this request for additional evidence. We do not find to be persuasive the Board's argument that, by failing to respond to this query, Gonzalez forfeited her right to dispute that the resignation was voluntary. By failing to alert her that this was the issue upon which jurisdiction depended, the Board did not give her adequate notice that required her to respond to it.

The Board, noting that a petitioner has the burden under the applicable regulations to show jurisdiction, 5 C.F.R. § 1201.56(a)(2), dismissed the appeal. The Board also noted that a resignation is presumed to be voluntary unless a petitioner comes forward and introduces evidence to rebut the presumption. *Christie v. United States,* 518 F.2d 584, 587 (Ct.Cl.1975). Because Gonzalez did not affirmatively show jurisdiction, and because she did not come forward to

---

1. The basis for Gonzalez's contention regarding the separation is her allegation that the reduction-in-force action by the Agency was only a ruse on the part of the Agency to replace her.

2. Section 1201.3, referred to in the letter, does not present the resignation issue. In fact, section 1201.3 seems to, by its terms, squarely grant jurisdiction:

   > The Board has appellate jurisdiction over cases specified in the Act where there have

been prior actions within an agency. . . . This appellate jurisdiction includes:

(1) Removal or reduction-in-grade of competitive or preference eligible employes;

    \*    \*    \*    \*    \*    \*

(3) Actions based upon removal, suspension for more than 14 days, reduction-in-grade or pay, or furlough for 30 days or less . . . .

show that her resignation was involuntary, the Board concluded that Gonzalez's resignation had created a non-adverse situation not appealable to the Board, and that the Board lacked jurisdiction to consider her contentions. *See McGucken v. United States,* 407 F.2d 1349, 1352 (Ct.Cl.) *cert. denied,* 396 U.S. 894, 90 S.Ct. 190, 24 L.Ed.2d 170 (1969).

*Gonzalez Is Entitled to a Hearing*

We find, under the circumstances here presented, that Gonzalez is entitled to a hearing on the issue of the voluntariness of her resignation.

Section 1201.21 of the applicable regulations, 5 C.F.R. § 1201.21, provides that, [w]hen an agency issues a decision notice to an employee on a matter appealable to the Board the agency shall provide:

   \*    \*    \*    \*    \*    \*

(b) A copy of the Board's regulations;

   \*    \*    \*    \*    \*    \*

(d) Notice of any applicable rights to a grievance procedure.

■ Neither the initial reduction-in-force notice from the Agency, however, nor the subsequent letter from the Board requesting jurisdictional argument, informed her of her applicable rights. The Board's regulations furnished her do not show that a voluntary resignation waives the right to appeal the termination action of an agency-employer. Nor does the record indicate that Gonzalez was adequately informed, by the Agency or by the Board, of her applicable rights relative to voluntarily resigning and applying for discontinued employment retirement or, in the alternative, accepting involuntary separation and *also* applying for discontinued employment retirement. In the first instance, she would lose her right to appeal, and in the second, she would not. However, the notice to Gonzalez as a whole indicated that she could *both* appeal and also *either* resign *or* accept involuntary separation and still receive retirement pay.

The regulations require that a party be informed of applicable rights. The record in this case does not indicate that Gonzalez was adequately so informed. Partly because of this failure and the lack of adequate notice to her as to the issue of the voluntariness of her resignation, we conclude that its voluntariness may not be presumed on the record before us and, therefore, remand is required.

While it is true that a resignation is presumed to be voluntary, *Christie, supra,* 518 F.2d at 587, this presumption is negated by the facts shown in the record of the present case. Gonzalez filed an appeal with the Board immediately before she resigned, indicative of an intention on her part not to give up her right to appeal and also indicative that she was not informed that, by accepting an involuntary separation instead of "retiring", she could both continue her appeal and also receive discontinued retirement pay, which was the cumulative intended effect of her both appealing and also applying for such retirement pay.

Contrary to the contentions of the Agency, the voluntariness of Gonzalez's resignation need not be measured against a rigid test requiring that she prove, as where "*duress*" is contended,

... (1) that one side involuntarily accepted the terms of another; (2) that circumstances permitted no other alternative; and (3) that said circumstances were the result of coercive acts of the opposite party.

*Christie, supra,* 518 F.2d at 587; *McGucken, supra,* 407 F.2d at 1351.[3] On the contrary, this is a case in which her apparent ignorance of her rights creates a substantial question as to whether she was able to make a conscious choice at all between resigning and appealing. On the basis of the record before us, it appears that the Agency made no distinction between the two alternatives, notifying her only that she could do either and still receive the retirement annu-

---

**3.** These cases dealt with employees who, knowing their alternatives, chose to resign and later asserted that their resignations had been invol-

untary as under duress. *See also Coffman v. Bolger,* 590 F.2d 1366, 1368 (5th Cir.1979).

ity. This failure was in contravention of the applicable regulations requiring that the Agency give an employee adequate notice of "any applicable rights." 5 C.F.R. § 1201.21.

█ This failure on the part of the Agency to inform Gonzalez (in addition to the other circumstances of this case—the appeal filed immediately before the resignation and the failure of the Board to inform of the basis for its jurisdictional concerns), casts sufficient doubt upon any presumption of the voluntariness of Gonzalez's resignation so that it does not, by itself, entitle the Board to presume the resignation was voluntary and, thereby, to refuse jurisdiction of this timely appeal and deny Gonzalez her timely-sought hearing as to the issues thereby raised. A federal employee who is unaware of the proper procedures to follow, due to her employer's failure to inform her sufficiently of her rights and remedies, may not be prejudiced by the employer's failure to comply with these requirements. *See Broussard v. United States Postal Service,* 674 F.2d 1103, 1111 (5th Cir.1982); *McCormack v. United States,* 204 Ct.Cl. 371, 378 (1974).

In the comparable situation under the civil service system, where a *voluntary* separation of an employee precludes Civil Service Commission review of an agency action as adverse, the Commission has set forth the following guidelines for determining whether a separation from service is voluntary or involuntary:

> General. (1) Separations and reductions in rank or pay voluntarily initiated by an employee are by their very nature actions which do not require the use of adverse action procedures. On the other hand, a normally voluntary action—*i.e.,* a resignation, optional retirement, or reduction in rank or pay at the employee's request is an adverse action for which the Commission will accept a timely appeal if it is obtained by duress, time pressure, intimidation, or deception. Whether an action is voluntary or involuntary is determined not by the form of the action, but by the circumstances that produced it [citations omitted].

> (2) The [Civil Service] Commission holds that an action requested by an employee is voluntary only if the employee has freedom of choice. The general principle is that an action is voluntary if the employee is free to choose, understands the transaction, is given a reasonable time to make his choice, and is permitted to set the effective date. * * *

*Taylor v. United States,* 591 F.2d 688, 691 (Ct.Cl.1979) (quoting Federal Personnel Manual, Supp. 752–1, sub-paragraph S1–2(a)). Similar principles apply to the determination of whether Gonzalez's separation in the present instance was an informed and voluntary one.

*Conclusion:*

For the reasons assigned, on the basis of the showing made to it, the Board was not entitled to dismiss Gonzalez's appeal upon a presumption that her resignation was a voluntary separation from the service. Accordingly, we REVERSE the final decision of the Merit Systems Protection Board and REMAND for further proceedings to determine whether Gonzalez's resignation was intended to be voluntary upon an informed basis (rather than having been intended merely to be an application for discontinued employment retirement, without intention to moot her immediately prior appeal of the separation as involuntary). If the Board finds that no voluntary separation was intended, the Board shall determine the merits of her claim pursuant to her timely appeal and request for hearing.

REVERSED and REMANDED.