Howard F. NORRIS, Plaintiff,

v.

**UNITED STATES of America, Defendant.**

**No. 96–677C.**

United States Court of Federal Claims.

Feb. 11, 1998.

---

John A. Wickham, Evergreen, CO, for plaintiff.

Lydia Kay Griggsby, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

HODGES, Judge.

Plaintiff was an Army Warrant Officer grade CW–4, who took retirement in lieu of elimination from the Army in 1990. He was reduced in grade to CW–2 and given an honorable discharge. He sued the Army in 1996 claiming that his discharge was improper because it was not voluntary. Plaintiff seeks restoration to active duty, return to grade CW–4 with back pay and interest, and removal of all derogatory information from his personnel record. Defendant moves to dismiss for lack of jurisdiction or for judgment on the record. Plaintiff cross-moves for summary judgment. The issue before this court is whether Norris requested discharge from the Army voluntarily. For reasons stated below, we find that he did.

## BACKGROUND

Plaintiff entered active duty in the United States Army in 1970. He completed the Warrant Officer Aviation Training Program, and was appointed to the position of Warrant Officer in 1972. He was promoted to Chief Warrant Officer grade CW–4 on February 1, 1986.

Norris was arrested on charges of first degree rape in the sexual abuse of his daughter in October 1985. The Army Criminal Investigation Division (CID) began an investigation into the charges. During the CID investigation, plaintiff's security clearance was suspended and he was relieved from flying duties. On February 21, 1986 the charge was "nolle prossed" for lack of evidence. Thereafter, plaintiff returned to flying duties and his security clearance was restored. The Army CID closed the case and took no further action.

Norris revealed the 1985 charges and arrest during a routine five-year security clearance review in October 1987. The Defense Investigative Service (DIS) re-opened the charges and conducted its own investigation. It administered a polygraph examination to plaintiff in March 1988. The polygraph administrator determined that plaintiff was being deceptive. Upon completion of the exam, Norris signed a sworn statement admitting

to improper sexual conduct with his daughter. In March 1988 plaintiff also received non-judicial punishment for disorderly conduct in uniform by exposing himself to public view in the Officer's Club.

As a result of the incidents described above, a Board of Inquiry was convened to consider whether Norris should be eliminated from the Army for misconduct. After testimony as to plaintiff's reputation, character, performance, and conduct, the Board found that the incident in the Officer's Club requiring non-judicial punishment alone did not justify elimination, but that plaintiff's sexual misconduct established a pattern of deviant sexual activity that warranted elimination. Consequently, the Board recommended that Norris be separated from the Army with a general discharge. The recommendation of the Board was approved by the Secretary of the Army in June 1990. Nonetheless, plaintiff was offered retirement in lieu of elimination. Norris requested retirement in lieu of elimination, and was retired from the Army as a Warrant Officer grade CW-2 with an honorable discharge.

Thereafter, plaintiff appealed the Board's decision to the Army Board for Correction of Military Records requesting to set aside the findings of the Board. He sought reinstatement, back pay, and restoration to grade CW-A. The ABCMR denied plaintiff's requested relief.

Norris asks that this court overturn the ABCMR's decision on the basis that it was arbitrary and capricious, not supported by the evidence, and contrary to law and regulations. Plaintiff claims (1) his retirement was involuntary, and (2) the decision to retire him was based on a confession that was manipulated by the examiner and submitted under duress.

## DISCUSSION

Army Regulation 635–100, Chapter 5, Section IV ¶ 5–11 "[a]uthorizes elimination of an officer due to misconduct, moral or professional dereliction or in the interest of national security." Conditions which justify elimination include: "[a]cts of personal mis-

conduct ... [and] [c]onduct unbecoming an officer."

Norris was recommended for elimination and a general discharge for being disorderly in uniform, engaging in a pattern of aberrant behavior and sexual misconduct, and conduct unbecoming an officer. Upon being notified of pending elimination, an officer must be advised that he or she may tender resignation in lieu of elimination, or apply for retirement in lieu of elimination, if otherwise eligible for voluntary retirement as stated in ¶ 4–10(d)(1).[1] Army Regulation 635–100, Chapter 4, Section II ¶ 4–10(d) states:

> (1) Officers who have at least 19 years and six months of AFS [Active Federal Service], but less than 20 years of AFS, may request retirement in lieu of elimination on receipt of memorandum of notification of impending elimination ... as stated in paragraph 5–14....
>
> \* \* \* \*

Thus, Warrant Officers who have accumulated 19 years and six months AFS may *request* retirement in lieu of elimination.

In accordance with Army Regulations, the Secretary of the Army advised Norris that he was eligible to request voluntary retirement in lieu of elimination because he had completed 19 years and six months active service. Thereafter, Norris requested retirement rather than being eliminated for misconduct. The request for retirement stated in part:

> 1. Under the provisions of law ... I request that I be released from active duty and assignment on 31 October 1990 and placed on the retired list on 1 November 1990 or as soon thereafter as practicable....
>
> \* \* \* \*
>
> 5. I have been counseled as specified by AR 635–10, paragraph 2–19....

Plaintiff argues however, that under 10 U.S.C. § 1166, a Warrant Officer who has been found unfit by an elimination board, and has accrued at least 19 years and six months active duty *must* be retired. According to Norris, the Army was required to retire him,

---

1. *See* AR 635–100, Chapter 5, Section V ¶ 5– 14(c)(2) and (c)(3).

so his request was superfluous. Section 1166 states:

(a) Under such regulations as the Secretary concerned may prescribe, and subject to the recommendations of a board of officers or a selection board under section 560 of this title, a permanent regular warrant officer who is eligible for retirement under any provision of law shall be retired under that law *if his records and reports establish his unfitness or unsatisfactory performance of duty*....

To fall within § 1166, a Warrant Officer must be eligible to retire. Norris was eligible to *request* voluntary retirement when he became aware that he was to be eliminated for misconduct. Plaintiff could apply for retirement as provided for in ¶ 5–14, but "[t]he final authority to approve or disprove an application for retirement is vested in the Secretary of the Army." AR 635–100, Chapter 4, Section II ¶ 4–17. Furthermore, ¶ 4–29 which applies specifically to Warrant Officers states: "When the records and reports ... establish his or her unfitness or unsatisfactory performance of duty ... by a promotion selection board or by other screening of his or her records by a board of officers and *subject to the provisions of chapter 5,* he or she will be retired if eligible for retirement under any provision of law" (emphasis added).

10 U.S.C. § 1166 is a general statute addressing elimination for unfitness or unsatisfactory performance. It is subject to "such regulations as the Secretary concerned may prescribe...." In this instance, the Secretary of the Army has prescribed specific regulations for warrant officers who have less than 20 years, but at least 19 years and six months of active service and who face elimination proceedings.

Taken together, ¶¶ 5–11, 5–14, 4–10(d), and 4–29, mean that an officer may be eliminated for conduct unbecoming an officer, breach of security, dereliction of duty, and similar indiscretions. In those circumstances however, he may resign in lieu of elimination or *apply* for retirement in lieu of elimination if he has at least 19 years and six months of service. If the phrase "other screening of his or her records by a board of officers" in ¶ 4–29(b) includes elimination for dereliction of duty or conduct unbecoming an officer (and we are not sure that it does), that paragraph specifically is made subject to the provisions of chapter 5. Thus, retirement in lieu of elimination is not mandatory but voluntary (by application). Having applied for retirement in lieu of elimination, and having been granted retirement, Norris cannot argue that his retirement is involuntary. Therefore, we need not reach the issue of whether Norris properly was reduced in rank from CW–4 to CW–2 at retirement.

Plaintiff likens his case to *Adkins v. United States,* 68 F.3d 1317 (Fed.Cir.1995). In *Adkins,* the plaintiff was removed from the Colonel Army Promotion List and selected for mandatory early retirement pursuant to 10 U.S.C. § 638 because he had been passed over for promotion to Colonel and was not on the promotion list. Under that provision retirement is considered involuntary. Although Adkins was to be retired in August 1992 he requested retirement in July 1992. The Government argued that because Adkins voluntarily chose an earlier retirement date his retirement was voluntary. The court held that upon being notified that he was facing mandatory retirement, Adkins selected an earlier retirement date which was expressly permitted by § 638(b)(1)(A). Therefore Adkins retirement was not voluntary.

Plaintiff was not facing mandatory retirement. He was to be eliminated for misconduct, but given the option of retirement in lieu of elimination as permitted by Army Regulations.

Plaintiff also asserts that his retirement was not voluntary because the procedures used to obtain his confession and written statement were improper, as well as coercive. He claims he submitted his confession under duress.

 This court lacks jurisdiction over voluntary resignations.[2] *Christie v. United*

---

2. Plaintiff requested retirement in lieu of elimination, rather than resign as permitted under AR 635–100, Chapter 5, Section V ¶ 5–14. We treat plaintiff's request for retirement the same as a resignation.

*States,* 207 Ct.Cl. 333, 338, 518 F.2d 584, 587 (1975). The exercise of an option to retire is not rendered involuntary by the imminent imposition of a less desirable alternative. *Sammt v. United States,* 780 F.2d 31, 32 (Fed.Cir.1985). The presumption of voluntariness may be "vitiated only when the resignation is submitted under duress...." *Christie v. United States,* 207 Ct.Cl. at 338, 518 F.2d at 587. Duress occurs when (1) the plaintiff involuntarily accepts the terms of another, (2) circumstances permit no other alternatives, and (3) said circumstances are the result of coercive acts of the opposing party. *Id.*

Norris does not assert that he was forced to sign the request for retirement; he signed it voluntarily. The alternative may not have been desirable, but duress does not exist merely because of an undesirable alternative. *Christie,* 207 Ct.Cl. at 338, 518 F.2d at 587; *see also Sammt,* 780 F.2d at 32. Moreover, the Court of Claims "has repeatedly upheld the voluntariness of resignations where they were submitted to avoid threatened termination for cause." *Christie,* 207 Ct.Cl. at 338, 518 F.2d at 587.

█ Plaintiff's request for retirement in lieu of elimination was not the result of duress or coercive acts of the Army. Norris asserts that the polygraph exam administered by the Defense Investigative Service is unreliable because the examiner resorted to devious tactics and manipulation to extract damaging admissions from him. He states that he wanted to get his security clearance back, and therefore would have signed anything the Army placed before him. This argument is not persuasive. Norris signed the Statement of Consent before submitting to the examination. He was advised of his rights and he understood that he could refuse to take the examination. The Statement of Consent read:

> In conjunction with explaining the nature of the polygraph examination, I have been told:
>
> a. that should I refuse to undergo a polygraph examination, no adverse action may be taken against me based solely on my refusal.

> b. that I have the right to talk privately with a lawyer before, during and after the polygraph examination.
>
> \* \* \* \*
>
> e. that questioning may occur before, during and after the instrument portion(s) of the polygraph examination.
>
> f. that anything I say or do during the polygraph examination may be used against me in any administrative, judicial or military proceedings.
>
> g. That the polygraph examination will not be conducted without my voluntary consent and even though I am now giving my consent, I can withdraw it at any time and the examination will be stopped.

> Understanding my unqualified right to refuse, I (Howard F. Norris Jr.) do hereby this date of my own free will consent to undergo a polygraph examination. I have not been threatened, coerced, unlawfully induced or promised anything in conjunction with my consent to undergo a polygraph examination.

Norris was not unwilling to submit to the polygraph examination. Although plaintiff claims he felt his career and retirement were at risk if he did not take the polygraph exam, "[d]uress is not measured by the employee's subjective evaluation of a situation. Rather, the test is an objective one." *Christie,* 207 Ct.Cl. at 338, 518 F.2d 584; *see also McGucken v. United States,* 187 Ct.Cl. 284, 289, 407 F.2d 1349, 1351, *cert. denied,* 396 U.S. 894 (1969).

After the polygraph examination, plaintiff signed a sworn statement admitting to sexual encounters with his daughter. Plaintiff claims that the words used in the sworn statement were not his, but given to him by the polygraph examiner. Norris does not dispute the sexual incidents involving his daughter, but claims that they were "innocent, not perverse." The incidents occurred nonetheless, as the Board found.

Plaintiff's request for discharge was free from duress and therefore voluntary. He was aware of the consequences of his actions when he requested retirement in lieu of elimination as authorized by Army Regulations.

## CONCLUSION

Defendant's motion to dismiss is GRANTED. The Clerk will dismiss the complaint. No costs.